SEAN C. CUNNINGHAM, Bar No. 174931
sean.cunningham@dlapiper.com
ERIN P. GIBSON, Bar No. 229305
erin.gibson@dlapiper.com
TIFFANY C. MILLER, Bar No. 246987
tiffany.miller.dlapiper.com
JACOB D. ANDERSON, Bar No. 265768
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

MARK D. FOWLER, Bar No. 124235
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.1559
Fax:  650.833.2001

JAMES HEINTZ, to be admitted *pro hac vice*
DLA Piper LLP (US)
11911 Freedom Drive, #300
Reston, VA  20190
Tel:  703.773.4000
Fax:  703.773.5000

Attorneys for Plaintiff
NETLIST, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SK HYNIX INC., SK HYNIX AMERICA INC., and SK HYNIX MEMORY SOLUTIONS INC.,<br><br>Defendants. | CASE NO.  8:16-cv.-01605<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Netlist, Inc. ("Netlist") brings this action for patent infringement against Defendants SK hynix Inc., SK hynix America Inc. and SK hynix memory solutions Inc. (collectively "Hynix" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement under the patent laws of the United States relating to patents, including 35 U.S.C. § 281.

## THE PARTIES

2.     Plaintiff Netlist is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618.

3.     On information and belief, Defendant SK hynix Inc. is a corporation organized and existing under the laws of the Republic of Korea ("Korea"), having a principal place of business at 2091, Gyeongchung-daero, Bubal-eub, Icheon-si, Gyeonggi-do, Korea.  On information and belief, SK hynix Inc. is the worldwide parent corporation for Defendants SK hynix America Inc. and SK hynix memory solutions Inc., and is responsible either directly or indirectly through subsidiaries for their infringing activities.

4.     On information and belief, Defendant SK hynix America Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 3101 North 1st Street, San Jose, CA 95134, United States.  On information and belief, Defendant SK hynix America Inc. is a wholly owned subsidiary of SK hynix Inc. and is a United States operating company for SK hynix Inc.  On information and belief, Defendant SK hynix America Inc. provides support for sales, technical, and customer/client relationship operations.

5.     On information and belief, Defendant SK hynix memory solutions Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 3103 North 1st Street, San Jose, CA 95134.  On information and belief, Defendant SK hynix memory solutions Inc. is a wholly

DLA Piper LLP (US)
San Diego

WEST\270270507

COMPLAINT FOR PATENT INFRINGEMENT
8:16-CV-01605

1  owned subsidiary of SK hynix Inc. and is a United States operating company for

2  SK hynix Inc.  On information and belief, Defendant SK hynix memory solutions

3  Inc. provides to its customers controller hardware and flash management systems

4  and firmware for devices.

5  ## JURISDICTION AND VENUE

6        6.     This court has jurisdiction over this action pursuant to 28 U.S.C.

7  §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of

8  America, 35 U.S.C. § 101, *et seq.*

9        7.     This Court has personal jurisdiction over Defendants because, on

10  information and belief, they have regularly and systematically transacted business

11  within the State of California and this District.  In addition, this Court has personal

12  jurisdiction over Defendants because, on information and belief, this lawsuit arises

13  out of Defendants' infringing activities, including without limitation their making,

14  using, selling and/or offering to sell infringing products within the State of

15  California and this District.  This Court also has personal jurisdiction over

16  Defendants because, on information and belief, Defendants have made, used, sold

17  and/or offered for sale their infringing products and placed such infringing products

18  in the stream of interstate commerce with the expectation that such infringing

19  products would be made, used, sold and/or offered for sale within the State of

20  California and this District.  Finally, this Court has personal jurisdiction over

21  Defendants SK hynix America Inc. and SK hynix memory solutions Inc. because

22  they are corporations duly incorporated under the laws of California and have

23  offices in California.

24        8.     Venue is proper in the Central District of California pursuant to the

25  provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).  On information and

26  belief, Defendants conduct substantial business directly and/or through third parties

27  or agents in this judicial district by selling and/or offering to sell the infringing

28  products, and/or by conducting other business in this judicial district.  Furthermore,

Netlist is headquartered and has its principal place of business in this District, sells products in this District, and has been harmed by Defendants' conduct, business transactions and sales in this District.

## **FACTUAL BACKGROUND**

9.     Since its founding in 2000, Netlist has been a leading innovator in high-performance memory module technologies.  Netlist designs and manufactures a wide variety of high-performance products for the cloud computing, virtualization and high-performance computing (HPC) markets.  Netlist's technology enables users to derive useful information from vast amounts of data in a shorter period of time.  These capabilities will become increasingly valuable as the volume of data continues to dramatically increase.

10.     The technologies disclosed and claimed in the asserted patents relate generally to memory modules.  Generally speaking, a memory module is a circuit board that contains DRAM integrated circuits that is installed into a memory slot on a computer motherboard.  United States Patent Nos. 8,756,364 ("the '364 patent") and 8,516,185 ("the '185 patent") relate to memory modules of a computer system, and more specifically to devices and methods for improving the performance, the memory capacity, or both, of memory modules such as DIMMs.  United States Patent Nos. 8,001,434 ("the '434 patent"), 8,359,501 ("the '501 patent"), and 8,689,064 ("the '064 patent") relate to self-testing electronic memory modules.  United States Patent No. 8,489,837 ("the '837 patent") relates to memory modules that perform handshaking during or upon completion of initialization.

11.     Server memory modules historically have been standardized by the standard-setting body for the microelectronics industry, JEDEC (Joint Electron Device Engineering Council).  RDIMM is a JEDEC-standard memory module, which was first standardized in the mid-1990s.  RDIMM accounted for more than 95 percent of all server memory modules shipped worldwide in 2011.  Despite its longevity and prevalence, standard RDIMM has become increasingly unable to

1     keep pace with the higher performance requirements of high-end servers.

2     LRDIMM is a different type of memory module also based on a JEDEC standard.

3     JEDEC has not yet approved a final version of the DDR4 LRDIMM standard,

4     though DDR4 products are widely available on the market today that are compliant

5     with draft versions of the standards being considered by JEDEC.

6         12.    Netlist has in all respects acted in a manner consistent with the JEDEC

7     Patent Policy, as set forth in the JEDEC Manual of Organization and Procedure,

8     which states in relevant part that "[a] license will be offered, to applicants desiring

9     to utilize the license for the purpose of implementing the JEDEC Standard under

10    reasonable terms and conditions that are free of any unfair discrimination… ."

11    Netlist contacted Hynix last year regarding its need for a license to Netlist's patent

12    portfolio and has since been negotiating in good faith to reach a resolution.  In the

13    course of these negotiations, Netlist offered to license the asserted patents to Hynix

14    under reasonable terms and conditions that are free of any unfair discrimination

15    months before bringing this action.  Hynix, however, has from the beginning taken

16    unreasonable positions and refused to attribute any meaningful value to Netlist's

17    fundamental patent portfolio.  As a result, the parties have made no progress

18    towards resolution despite multiple substantive exchanges, months of negotiation,

19    and Netlist's offer to license.

20         13.    In June 2016, consistent with its obligations to JEDEC, Netlist sent

21    Hynix a formal letter outlining Netlist's offer to license Netlist's patent portfolio for

22    DDR4 RDIMMs and LRDIMMs on reasonable terms and conditions that are free of

23    any unfair discrimination.  Netlist again identified the asserted patents, and

24    informed Hynix that Hynix DDR4 RDIMMs and LRDIMMs practice the asserted

25    patents.  Hynix did not accept Netlist's reasonable, good-faith offer.

26         14.    Each of the Defendants has been aware of the asserted patents since at

27    least January 2016 when Netlist presented to the Defendants detailed claim charts

28    related to each of the asserted patents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT ONE

### Infringement of United States Patent No. 8,756,364

15.     Netlist incorporates by reference the preceding allegations of its Complaint.

16.     The '364 patent, entitled "Multirank DDR Memory Modual With Load Reduction," issued on June 17, 2014 to inventors Jeffrey C. Solomon and Jayesh R. Bhakta.  The '364 patent issued from United States Patent Application No. 13/287,042 filed on November 1, 2011.  Netlist owns by assignment the entire right, title and interest in and to the '364 patent.  Attached hereto as Exhibit 1 is a true and correct copy of the '364 patent.

17.     On information and belief, Defendants directly infringed and are currently infringing at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and 23 of the '364 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, Hynix DDR4 LRDIMMs (Load-Reduced Dual In-Line Memory Modules), including but not limited to the exemplary Hynix DDR4 LRDIMM modules identified in the Hynix Q3 2016 Databook attached as Exhibit 2 (the "accused LRDIMM products").  An exemplary claim chart comparing the asserted independent claims of the '364 patent to an exemplary one of the accused LRDIMM products (part number HMA84GL7AMR4N-TF TE AB) is attached as Exhibit 3.

18.     On information and belief, each of the Defendants has been aware of the '364 patent since at least January 2016.

19.     On information and belief, users making routine use of the accused LRDIMM products infringe at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and 23 of the '364 patent.  On information and belief, each of the Defendants was aware that the accused LRDIMM products infringe at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and

1   23 of the '364 patent, and was aware that users making routine use of the accused

2   LRDIMM products infringe those claims.

3        20.    On information and belief, each of the Defendants specifically

4   intended that users of the accused LRDIMM products infringe at least claims 1, 2,

5   3, 4, 6, 7, 10, 13, 17 and 23 of the '364 patent, and took actions while the '364

6   patent was in force intending to cause the infringing acts, including the infringing

7   routine use of the accused LRDIMM products by users.  For example, on

8   information and belief, Defendants provide specifications, datasheets, instruction

9   manuals, and/or other materials that encourage and facilitate infringing use of the

10   accused LRDIMM products by users with the intent of inducing infringement.

11        21.    On information and belief, each of the Defendants contributes to the

12   direct infringement of at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and 23 of the '364

13   patent, including the infringing routine use of the accused LRDIMM products by

14   users.  On information and belief, Defendants have sold, offered for sale and/or

15   imported within the United States the accused LRDIMM products for use in a

16   product or process that practices those claims, while the '364 patent was in force.

17   On information and belief, the accused LRDIMM products have no substantial

18   noninfringing use, and constitute a material part of the patented invention.  On

19   information and belief, each of the Defendants is aware that the product or process

20   that includes the accused LRDIMM products may be covered by a claim of the '364

21   patent or may satisfy a claim of the '364 patent under the doctrine of equivalents.

22   On information and belief, the use of the product or process that includes the

23   accused LRDIMM products infringes at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and

24   23 of the '364 patent.

25        22.    Defendants have committed these acts of direct and indirect

26   infringement with knowledge of at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and 23 of

27   the '364 patent and thus have acted recklessly and willfully with regard to Netlist's

28   rights in the '364 patent.

DLA PIPER LLP (US)
SAN DIEGO

WEST\270270507

-7-

COMPLAINT FOR PATENT INFRINGEMENT
8:16-CV-01605

23.     As a result of Defendants' direct, indirect and willful infringement of at least claims 1, 2, 3, 4, 6, 7, 10, 13, 17 and 23 of the '364 patent, Netlist has suffered and is continuing to suffer monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorneys' fees, interest, and costs.

24.     Netlist has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.  Netlist has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendants and the accused LRDIMM products.

## COUNT TWO

## Infringement of United States Patent No. 8,516,185

25.     Netlist incorporates by reference the preceding allegations of its Complaint.

26.     The '185 patent, entitled "System and method utilizing distributed byte-wise buffers on a memory module," issued to inventors Dr. Hyun Lee and Jayesh R. Bhakta on August 20, 2013.  The '185 patent issued from Application No. 12/761,179, filed on April 15, 2010.  Netlist owns by assignment the entire right, title and interest in and to the '185 patent.  Attached hereto as Exhibit 4 is a true and correct copy of the '185 patent.

27.     On information and belief, Defendants directly infringed and are currently infringing at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the accused LRDIMM products.  An exemplary claim chart comparing the asserted independent claim of the '185 patent to an exemplary one of the accused LRDIMM products (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 5.

28.     On information and belief, each of the Defendants has been aware of the '185 patent since at least January 2016.

29.     On information and belief, users making routine use of the accused LRDIMM products infringe at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent.  On information and belief, each of the Defendants was aware that the accused LRDIMM products infringe at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent, and was aware that users making routine use of the accused LRDIMM products infringe those claims.  On information and belief, each of the Defendants specifically intended that users of the accused LRDIMM products infringe at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent, and took actions while the '185 patent was in force intending to cause the infringing acts, including the infringing routine use of the accused LRDIMM products by users.  For example, on information and belief, Defendants provide specifications, datasheets, instruction manuals, and/or other materials that encourage and facilitate infringing use of the accused LRDIMM products by users with the intent of inducing infringement.

30.     On information and belief, each of the Defendants contributes to the direct infringement of at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent by users making routine use of the accused LRDIMM products.  On information and belief, Defendants have sold, offered for sale and/or imported within the United States the accused LRDIMM products for use in a product or process that practices those claims, while the '185 patent was in force.  On information and belief, the accused LRDIMM products have no substantial noninfringing use, and constitute a material part of the patented invention.  On information and belief, each of the Defendants is aware that the product or process that includes the accused LRDIMM products may be covered by a claim of the '185 patent or may satisfy a claim of the '185 patent under the doctrine of equivalents.  On information and belief, the use of

DLA Piper LLP (US)
San Diego

WEST\270270507

COMPLAINT FOR PATENT INFRINGEMENT
8:16-CV-01605

the product or process that includes the accused LRDIMM products infringes at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent.

31.    Defendants have committed these acts of direct and indirect infringement with knowledge of at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent and thus have acted recklessly and willfully with regard to Netlist's rights in the '185 patent.

32.    As a result of Defendants' direct, indirect and willful infringement of at least claims 1, 2, 3, 7, 8, 10, 11 and 12 of the '185 patent, Netlist has suffered and is continuing to suffer monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorneys' fees, interest, and costs.

33.    Netlist has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.  Netlist has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendants and the accused LRDIMM products.

## COUNT THREE

## Infringement of United States Patent No. 8,001,434

34.    Netlist incorporates by reference the preceding allegations of its Complaint.

35.    The '434 patent, entitled "Memory board with self-testing capability," issued to inventors Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi on August 16, 2011.  The '434 patent issued from Application No. 12/422,925, filed on April 13, 2009.  Netlist owns by assignment the entire right, title and interest in and to the '434 patent.  Attached hereto as Exhibit 6 is a true and correct copy of the '434 patent.

36.    On information and belief, Defendants directly infringed and are currently infringing at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent by, among

1    other things, making, using, selling, offering to sell, and/or importing within this

2    District and elsewhere in the United States, without authority, the accused

3    LRDIMM products. An exemplary claim chart comparing the asserted claims of

4    the '434 patent to an exemplary one of the accused LRDIMM products (part

5    number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as

6    Exhibit 7.

7        37. On information and belief, each of the Defendants has been aware of

8    the '434 patent since at least January 2016.

9        38. On information and belief, users making routine use of the accused

10    LRDIMM products infringe at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent. On

11    information and belief, each of the Defendants was aware that the accused

12    LRDIMM products infringe at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent, and

13    was aware that users making routine use of the accused LRDIMM products infringe

14    those claims. On information and belief, each of the Defendants specifically

15    intended that users of the accused LRDIMM products infringe at least claims 2, 3,

16    4, 5, 6 and 7 of the '434 patent, and took actions while the '434 patent was in force

17    intending to cause the infringing acts, including the infringing routine use of the

18    accused LRDIMM products by users. For example, on information and belief,

19    Defendants provide specifications, datasheets, instruction manuals, and/or other

20    materials that encourage and facilitate infringing use of the accused LRDIMM

21    products by users with the intent of inducing infringement.

22        39. On information and belief, each of the Defendants contributes to the

23    direct infringement of at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent, including

24    the infringing routine use of the accused LRDIMM products by users. On

25    information and belief, Defendants have sold, offered for sale and/or imported

26    within the United States the accused LRDIMM products for use in a product or

27    process that practices those claims, while the '434 patent was in force. On

28    information and belief, the accused LRDIMM products have no substantial

1  noninfringing use, and constitute a material part of the patented invention. On

2  information and belief, each of the Defendants is aware that the product or process

3  that includes the accused LRDIMM products may be covered by a claim of the '434

4  patent or may satisfy a claim of the '434 patent under the doctrine of equivalents.

5  On information and belief, the use of the product or process that includes the

6  accused LRDIMM products infringes at least claims 2, 3, 4, 5, 6 and 7 of the '434

7  patent.

8      40.    Defendants have committed these acts of direct and indirect

9  infringement with knowledge of at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent

10 and thus have acted recklessly and willfully with regard to Netlist's rights in the

11 '434 patent.

12     41.    As a result of Defendants' direct, indirect and willful infringement of

13 at least claims 2, 3, 4, 5, 6 and 7 of the '434 patent, Netlist has suffered and is

14 continuing to suffer monetary damages and is entitled to a monetary judgment in an

15 amount adequate to compensate for Defendants' past infringement, together with

16 enhanced damages, attorneys' fees, interest, and costs.

17     42.    Netlist has been irreparably harmed by Defendants' acts of

18 infringement, and will continue to be harmed unless and until Defendants' acts of

19 infringement are enjoined and restrained by order of this Court. Netlist has no

20 adequate remedy at law and is entitled to a preliminary and permanent injunction

21 against Defendants and the accused LRDIMM products.

## COUNT FOUR

### Infringement of United States Patent No. 8,359,501

24     43.    Netlist incorporates by reference the preceding allegations of its

25 Complaint.

26     44.    The '501 patent, entitled "Memory board with self-testing capability,"

27 issued to inventors Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi on January

28 22, 2013. The '501 patent issued from Application No. 13/183,253, filed on July

14, 2011, which claims priority as a continuation of Application No. 12/422,925, which issued as the '434 patent.  Netlist owns by assignment the entire right, title and interest in and to the '501 patent.  Attached hereto as Exhibit 8 is a true and correct copy of the '501 patent.

45.     On information and belief, Defendants directly infringed and are currently infringing at least claim 4 of the '501 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the accused LRDIMM products. An exemplary claim chart comparing the asserted claim of the '501 patent to an exemplary one of the accused LRDIMM products (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 9.

46.     On information and belief, each of the Defendants has been aware of the '501 patent since at least January 2016.

47.     On information and belief, users making routine use of the accused LRDIMM products infringe at least claim 4 of the '501 patent.  On information and belief, each of the Defendants was aware that the accused LRDIMM products infringe at least claim 4 of the '501 patent, and was aware that users making routine use of the accused LRDIMM products infringe that claim.  On information and belief, each of the Defendants specifically intended that users of the accused LRDIMM products infringe at least claim 4 of the '501 patent, and took actions while the '501 patent was in force intending to cause the infringing acts, including the infringing routine use of the accused LRDIMM products by users.  For example, on information and belief, Defendants provide specifications, datasheets, instruction manuals, and/or other materials that encourage and facilitate infringing use of the accused LRDIMM products by users with the intent of inducing infringement.

/////

DLA Piper LLP (US)
San Diego

WEST\270270507

COMPLAINT FOR PATENT INFRINGEMENT
8:16-CV-01605

48.     On information and belief, each of the Defendants contributes to the direct infringement of at least claim 4 of the '501 patent, including the infringing routine use of the accused LRDIMM products by users.  On information and belief, Defendants have sold, offered for sale and/or imported within the United States the accused LRDIMM products for use in a product or process that practices that claim, while the '501 patent was in force.  On information and belief, the accused LRDIMM products have no substantial noninfringing use, and constitute a material part of the patented invention.  On information and belief, each of the Defendants is aware that the product or process that includes the accused LRDIMM products may be covered by a claim of the '501 patent or may satisfy a claim of the '501 patent under the doctrine of equivalents.  On information and belief, the use of the product or process that includes the accused LRDIMM products infringes at least claim 4 of the '501 patent.

49.     Defendants have committed these acts of direct and indirect infringement with knowledge of at least claim 4 of the '501 patent and thus have acted recklessly and willfully with regard to Netlist's rights in the '501 patent.

50.     As a result of Defendants' direct, indirect and willful infringement of at least claim 4 of the '501 patent, Netlist has suffered and is continuing to suffer monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorneys' fees, interest, and costs.

51.     Netlist has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.  Netlist has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendants and the accused LRDIMM products.

/////

/////

## COUNT FIVE

### Infringement of United States Patent No. 8,689,064

52.     Netlist incorporates by reference the preceding allegations of its Complaint.

53.     The '064 patent, entitled "Apparatus and method for self-test in a multi-rank memory module," issued to inventors Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi on April 1, 2014.  The '064 patent issued from Application No. 13/745,790, filed on January 19, 2013, which claims priority as a continuation of Application No. 13/183,253, which issued as the '501 patent, which claims priority as a continuation of Application No. 12/422,925, which issued as the '434 patent. Netlist owns by assignment the entire right, title and interest in and to the '064 patent.  Attached hereto as Exhibit 10 is a true and correct copy of the '064 patent.

54.     On information and belief, Defendants directly infringed and are currently infringing at least claim 16 of the '064 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the accused LRDIMM products. An exemplary claim chart comparing the asserted independent claim of the '064 patent to an exemplary one of the accused LRDIMM products (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 11.

55.     On information and belief, each of the Defendants has been aware of the '064 patent since at least January 2016.

56.     Additionally, on information and belief, users making routine use of the accused LRDIMM products infringe at least claim 16 of the '064 patent.  On information and belief, each of the Defendants was aware that the accused LRDIMM products infringe at least claim 16 of the '064 patent, and was aware that users making routine use of the accused LRDIMM products infringe that claim.  On information and belief, each of the Defendants specifically intended that users of

1   the accused LRDIMM products infringe at least claim 16 of the '064 patent, and

2   took actions while the '064 patent was in force intending to cause the infringing

3   acts, including the infringing routine use of the accused LRDIMM products by

4   users.  For example, on information and belief, Defendants provide specifications,

5   datasheets, instruction manuals, and/or other materials that encourage and facilitate

6   infringing use of the accused LRDIMM products by users with the intent of

7   inducing infringement.

8        57.    On information and belief, each of the Defendants contributes to the

9   direct infringement of at least claim 16 of the '064 patent, including the infringing

10  routine use of the accused LRDIMM products by users.  On information and belief,

11  Defendants have sold, offered for sale and/or imported within the United States the

12  accused LRDIMM products for use in a product or process that practices that claim,

13  while the '064 patent was in force.  On information and belief, the accused

14  LRDIMM products have no substantial noninfringing use, and constitute a material

15  part of the patented invention.  On information and belief, each of the Defendants is

16  aware that the product or process that includes the accused LRDIMM products may

17  be covered by a claim of the '064 patent or may satisfy a claim of the '064 patent

18  under the doctrine of equivalents.  On information and belief, the use of the product

19  or process that includes the accused LRDIMM products infringes at least claim 16

20  of the '064 patent.

21       58.    Defendants have committed these acts of direct and indirect

22  infringement with knowledge of at least claim 16 of the '064 patent and thus have

23  acted recklessly and willfully with regard to Netlist's rights in the '064 patent.

24       59.    As a result of Defendants' direct, indirect and willful infringement of

25  at least claim 16 of the '064 patent, Netlist has suffered and is continuing to suffer

26  monetary damages and is entitled to a monetary judgment in an amount adequate to

27  compensate for Defendants' past infringement, together with enhanced damages,

28  attorneys' fees, interest, and costs.

60.     Netlist has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.  Netlist has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendants and the accused LRDIMM products.

## COUNT SIX

### Infringement of United States Patent No. 8,489,837

61.     Netlist incorporates by reference the preceding allegations of its Complaint.

62.     The '837 patent, entitled "Systems and methods for handshaking with a memory module," issued to inventor Dr. Hyun Lee on July 16, 2013.  The '837 patent issued from Application No. 12/815,339, filed on June 14, 2010.  Netlist owns by assignment the entire right, title and interest in and to the '837 patent.  Attached hereto as Exhibit 12 is a true and correct copy of the '837 patent.

63.     On information and belief, Defendants directly infringed and are currently infringing at least claims 1, 2, 3, 5 and 6 of the '837 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, the accused LRDIMM products and Hynix DDR4 RDIMMs (Registered Dual In-Line Memory Modules), including but not limited to the exemplary Hynix DDR4 RDIMM modules identified in the Hynix Q3 2016 Databook attached as Exhibit 2 (the "accused RDIMM products") (collectively the "accused products" or the "accused LRDIMM and RDIMM products").  An exemplary claim chart comparing the asserted independent claim of the '837 patent to exemplary accused LRDIMM and RDIMM products (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM) and part number HMA84GR7MFR4N-TF TD BA (32GB DDR4 RDIMM)) is attached as Exhibit 13.

/////

DLA PIPER LLP (US)
SAN DIEGO

WEST\270270507

COMPLAINT FOR PATENT INFRINGEMENT
8:16-CV-01605

64.     On information and belief, each of the Defendants has been aware of the '837 patent since at least January 2016.

65.     On information and belief, users making routine use of the accused LRDIMM and RDIMM products infringe at least claims 1, 2, 3, 5 and 6 of the '837 patent.  On information and belief, each of the Defendants was aware that the accused LRDIMM and RDIMM products infringe at least claims 1, 2, 3, 5 and 6 of the '837 patent, and was aware that users making routine use of the accused LRDIMM and RDIMM products infringe those claims.  On information and belief, each of the Defendants specifically intended that users of the accused LRDIMM and RDIMM products infringe at least claims 1, 2, 3, 5 and 6 of the '837 patent, and took actions while the '837 patent was in force intending to cause the infringing acts, including the infringing routine use of the accused LRDIMM and RDIMM products by users.  For example, on information and belief, Defendants provide specifications, datasheets, instruction manuals, and/or other materials that encourage and facilitate infringing use of the accused LRDIMM and RDIMM products by users with the intent of inducing infringement.

66.     On information and belief, each of the Defendants contributes to the direct infringement of at least claims 1, 2, 3, 5 and 6 of the '837 patent, including the infringing routine use of the accused LRDIMM and RDIMM products by users.  On information and belief, Defendants have sold, offered for sale and/or imported within the United States the accused LRDIMM and RDIMM products for use in a product or process that practices those claims, while the '837 patent was in force.  On information and belief, the accused LRDIMM and RDIMM products have no substantial noninfringing use, and constitute a material part of the patented invention.  On information and belief, each of the Defendants is aware that the product or process that includes the accused LRDIMM and RDIMM products may be covered by a claim of the '837 patent or may satisfy a claim of the '837 patent under the doctrine of equivalents.  On information and belief, the use of the product

-18-

1  or process that includes the accused LRDIMM and RDIMM products infringes at

2  least claims 1, 2, 3, 5 and 6 of the '837 patent.

3       67.    Defendants have committed these acts of direct and indirect

4  infringement with knowledge of at least claims 1, 2, 3, 5 and 6 of the '837 patent

5  and thus have acted recklessly and willfully with regard to Netlist's rights in the

6  '837 patent.

7       68.    As a result of Defendants' direct, indirect and willful infringement of

8  at least claims 1, 2, 3, 5 and 6 of the '837 patent, Netlist has suffered and is

9  continuing to suffer monetary damages and is entitled to a monetary judgment in an

10  amount adequate to compensate for Defendants' past infringement, together with

11  enhanced damages, attorneys' fees, interest, and costs.

12       69.    Netlist has been irreparably harmed by Defendants' acts of

13  infringement, and will continue to be harmed unless and until Defendants' acts of

14  infringement are enjoined and restrained by order of this Court.  Netlist has no

15  adequate remedy at law and is entitled to a preliminary and permanent injunction

16  against Defendants and the accused LRDIMM and RDIMM products.

17  **<u>PRAYER FOR RELIEF</u>**

18  **WHEREFORE**, Netlist respectfully requests that judgment be entered:

19      A.    Declaring that Defendants have infringed and are infringing, directly

20  and indirectly, the claims of the asserted patents;

21      B.    Compensating Netlist for all damages caused by Defendants'

22  infringement of the asserted patents;

23      C.    Enhancing Netlist's damages up to three times their amount under 35

24  U.S.C. § 284;

25      D.    Granting Netlist pre- and post-judgment interests, together with all

26  costs and expenses;

27      E.    Granting Netlist its reasonable attorneys' fees under 35 U.S.C. § 285;

28  /////

F.    Granting a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that falls within the scope of any claim of the asserted patents; and

G.    Awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Netlist respectfully requests a trial by jury on all claims so triable.

Dated:  August 31, 2016

DLA PIPER LLP (US)

By: */s/ Sean C. Cunningham*
SEAN C. CUNNINGHAM
ERIN P. GIBSON
TIFFANY C. MILLER
JACOB D. ANDERSON
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101
Tel:  619.699.2700
Fax:  619.699.2701

MARK D. FOWLER
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

JAMES HEINTZ
DLA PIPER LLP (US)
11911 Freedom Drive, #300
Reston, VA  20190
Tel:  703.773.4000
Fax:  703.773.5000

Attorneys for Plaintiff
NETLIST, INC.