Chad S. Hummel (SBN 139005)
*chummel@sidley.com*
Theodore W. Chandler (SBN 219456)
*tchandler@sidley.com*
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Phone: (213) 896-6000
Fax: (213) 896-6600

[*Full list of counsel included in signature block*]

Attorneys for SK hynix Inc., SK hynix America Inc., and SK hynix memory solutions Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

NETLIST, INC.,

*Plaintiff and Counterclaim-Defendant,*

v.

SK HYNIX INC.,

*Defendant and Counterclaim-Plaintiff,*

and

SK HYNIX AMERICA INC., and SK HYNIX MEMORY SOLUTIONS INC.,

*Defendants.*

Case No.: 8:16-cv-01605-JLS-JCG

Assigned to: Judge Josephine L. Staton

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Defendants SK hynix Inc., SK hynix America Inc., and SK hynix memory solutions Inc. (collectively, "Defendants") hereby submit their Answer and Affirmative Defenses in response to the Complaint for Patent Infringement (Dkt. 1) ("Complaint") of Plaintiff Netlist, Inc. ("Netlist"). Each of the paragraphs below corresponds to the same-numbered paragraph in the Complaint. Defendants deny all allegations in the Complaint, whether express or implied, that are not specifically admitted below. The patents identified in the Complaint are referred to collectively as the Patents-in-Suit in this Answer. Defendants respond as follows:

## NATURE OF ACTION

1. Defendants admit that Netlist's Complaint purports to set forth allegations of patent infringement arising under the patent laws of the United States, but deny that Defendants have infringed the Patents-in-Suit.

## THE PARTIES

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit that SK hynix Inc. ("SK hynix") is a corporation organized and existing under the laws of the Republic of Korea ("Korea"), having a principal place of business at 2091, Gyeongchung-daero, Bubal-eub, Icheon-si, Gyeonggi-do, Korea. Defendants further admit that SK hynix is the parent corporation of SK hynix America Inc. and SK hynix memory solutions Inc. Defendants deny that SK hynix is responsible either directly or indirectly for any activity that infringes the Patents-in-Suit.

4. Defendants deny that SK hynix America Inc. is a wholly owned subsidiary of SK hynix. Defendants admit the remaining allegations in paragraph 4 of the Complaint.

5. Defendants deny that SK hynix memory solutions Inc. is a corporation organized and existing under the laws of California. Defendants admit the remaining allegations in paragraph 5 of the Complaint.

///

## JURISDICTION & VENUE

6. Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants admit that Netlist's Complaint purports to set forth allegations of patent infringement arising under Title 35 of the United States Code, but deny that they have infringed the Patents-in-Suit.

7. For the purposes of this litigation only, Defendants do not dispute that this Court has personal jurisdiction over Defendants. Defendants admit that SK hynix America Inc. and SK hynix have transacted business within the State of California and this District. Defendants admit that SK hynix America Inc. is a corporation incorporated under the laws of California and that both SK hynix America Inc. and SK hynix memory solutions Inc. have offices in California. Defendants deny that SK hynix memory solutions Inc. is a corporation incorporated under the laws of California. Defendants further deny engaging in any activities that infringe the Patents-in-Suit, including making, using, selling and/or offering to sell infringing products, and further deny placing any infringing products in the stream of interstate commerce. The remainder of paragraph 7 states conclusions of law to which no response is required.

8. For the purposes of this litigation only, Defendants do not dispute that venue in this District is proper. Defendants admit that SK hynix America Inc. and SK hynix memory solutions Inc. conduct business in this district, but deny selling infringing products in this District. Defendants admit that Netlist is headquartered and has its principal place of business in this District. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Netlist sells products in this District. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. Defendants deny that Netlist has been a leading innovator in high-

performance memory module technologies since 2000. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint and therefore deny them.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore deny them.

11. Defendants admit that JEDEC (Joint Electron Device Engineering Council) is a standard-setting body for the microelectronics industry and that RDIMM is a JEDEC-standard memory module. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore deny them.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants admit that SK hynix received a letter from Netlist in June 2016 that identified the Patents-in-Suit and alleged that SK hynix's DDR3 LRDIMM 32-64GB, DDR4 RDIMM 4-32GB, and DDR4 LRDIMM 16-128GB products purport to implement the JEDEC standards. Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the Patents-In-Suit were identified. To the extent that the allegations of Paragraph 14 purport to describe the content of one or more documents, those documents are the best source of their full content and context. Defendants deny the remaining allegations of paragraph 14 of the Complaint

**COUNT ONE**

**Infringement of United States Patent No. 8,756,364**

15. Defendants repeat and re-allege the responses above to paragraphs 1-14 of the Complaint as though fully set forth herein.

16. Defendants admit that the face of U.S. Patent No. 8,756,364 (the '364

patent) indicates that it is titled “Multirank DDR memory modual with load reduction,” that it issued on June 17, 2014, that it lists Jeffrey C. Solomon and Jayesh R. Bhakta as inventors, and that it issued from U.S. Patent Application No. 13/287,042, filed on November 1, 2011. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist’s rights in the ’364 patent. Defendants admit that what purports to be a copy of the ’364 patent is attached as Exhibit 1 to the Complaint.

17. Defendants admit that what purports to be a chart comparing claim limitations of the ’364 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB) is attached as Exhibit 3 to the Complaint, but deny that Exhibit 3 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB) or any other SK hynix product infringes any claim of the ’364 patent. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the ’364 patent was identified. Defendants deny the remaining allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

## **COUNT TWO**

## **Infringement of United States Patent No. 8,516,185**

25. Defendants repeat and re-allege the responses above to paragraphs 1-24 of the Complaint as though fully set forth herein.

26. Defendants admit that the face of U.S. Patent No. 8,516,185 (the '185 patent) indicates that it is titled "System and method utilizing distributed byte-wise buffers on a memory module," that it issued on August 20, 2013, that it lists Dr. Hyun Lee and Jayesh R. Bhakta as inventors, and that it issued from U.S. Patent Application No. 12/761,179, filed on April 15, 2010. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist's rights in the '185 patent. Defendants admit that what purports to be a copy of the '185 patent is attached as Exhibit 4 to the Complaint.

27. Defendants admit that what purports to be a chart comparing claim limitations of the '185 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 5 to the Complaint, but deny that Exhibit 5 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) or any other SK hynix product infringes any claim of the '185 patent. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the '185 patent was identified. Defendants deny the remaining allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

## COUNT THREE

## Infringement of United States Patent No. 8,001,434

34. Defendants repeat and re-allege the responses above to paragraphs 1-33 of the Complaint as though fully set forth herein.

35. Defendants admit that the face of U.S. Patent No. 8,001,434 (the ’434 patent) indicates that it is titled “Memory board with self-testing capability,” that it issued on August 16, 2011, that it lists Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi as inventors, and that it issued from U.S. Patent Application No. 12/422,925, filed on April 13, 2009. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist’s rights in the ’434 patent. Defendants admit that what purports to be a copy of the ’434 patent is attached as Exhibit 6 to the Complaint.

36. Defendants admit that what purports to be a chart comparing claim limitations of the ’434 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 7 to the Complaint, but deny that Exhibit 7 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) or any other SK hynix product infringes any claim of the ’434 patent. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the ’434 patent was identified. Defendants deny the remaining allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

## COUNT FOUR

## Infringement of United States Patent No. 8,359,501

43. Defendants repeat and re-allege the responses above to paragraphs 1-42 of the Complaint as though fully set forth herein.

44. Defendants admit that the face of U.S. Patent No. 8,359,501 (the '501 patent) indicates that it is titled "Memory board with self-testing capability," that it issued on January 22, 2013, that it lists Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi as inventors, and that it issued from U.S. Patent Application No. 13/183,253, filed on July 14, 2011. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist's rights in the '501 patent. Defendants admit that what purports to be a copy of the '501 patent is attached as Exhibit 8 to the Complaint.

45. Defendants admit that what purports to be a chart comparing claim limitations of the '501 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 9 to the Complaint, but deny that Exhibit 9 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) or any other SK hynix product infringes any claim of the '501 patent. Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the '501 patent was identified. Defendants deny the remaining allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

## COUNT FIVE

## Infringement of United States Patent No. 8,689,064

52. Defendants repeat and re-allege the responses above to paragraphs 1-51 of the Complaint as though fully set forth herein.

53. Defendants admit that the face of U.S. Patent No. 8,689,064 (the ’064 patent) indicates that it is titled “Apparatus and method for self-test in a multi-rank memory module,” that it issued on April 1, 2014, that it lists Dr. Hyun Lee, Jayesh R. Bhakta and Soonju Choi as inventors, and that it issued from U.S. Patent Application No. 13/745,790, filed on January 19, 2013. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist’s rights in the ’064 patent. Defendants admit that what purports to be a copy of the ’064 patent is attached as Exhibit 10 to the Complaint.

54. Defendants admit that what purports to be a chart comparing claim limitations of the ’064 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 11 to the Complaint, but deny that Exhibit 11 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) or any other SK hynix product infringes any claim of the ’064 patent. Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the ’064 patent was identified. Defendants deny the remaining allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

## COUNT SIX

## Infringement of United States Patent No. 8,489,837

61. Defendants repeat and re-allege the responses above to paragraphs 1-60 of the Complaint as though fully set forth herein.

62. Defendants admit that the face of U.S. Patent No. 8,489,837 (the ’837 patent) indicates that it is titled “Systems and methods for handshaking with a memory module,” that it issued on July 16, 2013, that it lists Dr. Hyun Lee as an inventor, and that it issued from U.S. Patent Application No. 12/815,339, filed on June 14, 2010. Defendants lack sufficient knowledge or information to form a belief as to the exact nature of Netlist’s rights in the ’837 patent. Defendants admit that what purports to be a copy of the ’837 patent is attached as Exhibit 12 to the Complaint.

63. Defendants admit that what purports to be a chart comparing claim limitations of the ’837 patent to an SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) is attached as Exhibit 13 to the Complaint, but deny that Exhibit 13 demonstrates that the SK hynix LRDIMM product (part number HMA84GL7AMR4N-TF TE AB (32GB DDR4 LRDIMM)) or any other SK hynix product infringes any claim of the ’837 patent. Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64. Defendants admit that, in the context of licensing discussions, Netlist made a presentation or presentations in January 2016 in which the ’837 patent was identified. Defendants deny the remaining allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

## **PRAYER FOR RELIEF**

Defendants deny that Netlist is entitled to any relief, and specifically deny all allegations and prayers for relief requested in paragraphs A-G of its prayer for relief in the Complaint.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. Defendants reserve the right to assert any other defenses that discovery may reveal. The asserted ’364 patent, ’185 patent, ’434 patent, ’501 patent, ’064 patent, and ’837 patent are collectively referred to as the Patents-in-Suit in these defenses.

**FIRST DEFENSE**

**(Failure to State a Claim)**

Netlist’s Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Invalidity)**

The asserted claims of the Patents-in-Suit are invalid for failing to comply with one or more requirements of the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE**

**(Non-Infringement)**

Defendants have not directly or indirectly infringed, and are not directly or indirectly infringing, the asserted claims of the Patents-in-Suit, either literally or under the doctrine of equivalents.

**FOURTH DEFENSE**

**(Prosecution History Estoppel)**

Netlist’s claims are barred, in whole or in part, by representations or actions taken during the prosecution of the patent applications that ultimately issued as the Patents-in-Suit and related patents, or by representations or actions taken during post-grant proceedings before the USPTO involving the Patents-in-Suit and related patents, under one or more of the doctrines of prosecution history estoppel,

prosecution disclaimer, vitiation, ensnarement of the prior art, and the disclosure/dedication rule.

**FIFTH DEFENSE**

**(Equitable Defenses)**

Netlist's claims against Defendants are barred, in whole or in part, by equitable doctrines including, for example, waiver, estoppel, laches, and implied license.

**SIXTH DEFENSE**

**(Breach of RAND Licensing Obligations)**

Netlist's claims for injunctive relief are barred, in whole or in part, because of its failure to offer SK hynix a license to the asserted claims of the Patents-In-Suit on reasonable terms and conditions that are demonstrably free of unfair discrimination (i.e., "RAND terms").

Netlist has asserted in negotiations with SK hynix that the asserted claims of the Patents-In-Suit must be practiced in order to implement standards relating to memory technologies promulgated by the leading standard-setting organization in the memory technology field, JEDEC. Netlist therefore asserts that the Patents-In-Suit are "essential" to the implementation of the JEDEC standards in question. (Such allegedly standard "essential" patents are referred to herein as "SEPs".) JEDEC's semiconductor memory standards enable interoperability, i.e., the ability of memory products made by different manufacturers to work together and with computer and electronic devices made by others. JEDEC standards are widely implemented and, for many types of semiconductor memory products, it is imperative that they comply with JEDEC standards in order to be commercially viable.

Netlist has participated in the development of standards relating to memory technologies in JEDEC. Pursuant to JEDEC's Patent Policy, Netlist submitted a "License Assurance/Disclosure Form" applicable to each of the Patents-In-Suit

pursuant to which it has (a) disclosed each of those patents, or patents claiming priority to the same filing as the Patent-In-Suit, to be potentially essential to certain JEDEC standards and (b) committed to offer to license any claim of the Patents-In-Suit that is essential to the implementation of relevant JEDEC standards to those wishing to implement those JEDEC standards on RAND terms.

Moreover, pursuant to the JEDEC Patent Policy, which is binding upon Netlist, simply by virtue of its membership on the committees that developed the standards to which Netlist asserts the claims of the Patents-In-Suit are essential, Netlist is obligated to offer to license those claims to all potential licensees like SK hynix on RAND terms.

Netlist has breached its obligations to offer to license the asserted claims of the Patents-In-Suit on RAND terms by, among other things: (a) failing to offer to license its SEPs to SK hynix on terms that are reasonable; (b) failing to offer to license its SEPs to SK hynix on terms that are demonstrably free of unfair discrimination in relation to at least the license agreement that Netlist has entered into with SK hynix's chief competitor, Samsung Electronics Co., Ltd. ("Samsung"); (c) structuring its business relationship with Samsung in a way that was intended to facilitate Netlist's discrimination against SK hynix and deny SK hynix the benefits of the JEDEC Patent Policy; and (d) seeking injunctive relief against SK hynix based upon its alleged infringement of the Patents-In-Suit despite SK hynix's willingness and ability to take a license to the Patents-In-Suit on RAND terms.

**SEVENTH DEFENSE**

**(Limitation on Damages)**

Netlist's claims for damages and costs are limited under 35 U.S.C. §§ 286, 287 and 288. Netlist may not recover money damages for any alleged infringement committed more than six years prior to filing the Complaint as per 35 U.S.C. §286, and, to the extent Netlist failed to comply with the notice provision of 35 U.S.C.

§ 287, Netlist may not recover damages prior to filing of the Complaint. Moreover, Netlist is not entitled to seek recovery of its costs pursuant to 35 U.S.C. § 288.

**EIGHTH DEFENSE**

**(28 U.S.C. § 1498)**

Netlist's claims are improperly asserted in this forum and damages are limited to the extent that the accused products were used by or manufactured for the United States of America pursuant to 28 U.S.C. § 1498.

**NINTH DEFENSE**

**(No Injunctive Relief)**

Netlist is not entitled to injunctive relief because any alleged injury to Netlist is not immediate or irreparable, Netlist has an adequate remedy at law, and Netlist agreed through its commitments to JEDEC that it would accept a FRAND royalty for use of the Patents-In-Suit.

**TENTH DEFENSE**

**(Exceptional Case)**

This case is exceptional under 35 U.S.C. § 285. Defendants are entitled to an award of their attorneys' fees incurred in connection with defending and prosecuting this action.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

Date: November 7, 2016

Respectfully submitted,

*/s/Chad S. Hummell*

David T. Pritikin (*pro hac vice*)
*dpritikin@sidley.com*
Richard A. Cederoth (*pro hac vice*)
*rcederoth@sidley.com*
David Giardina (*pro hac vice*)
*dgiardina@sidley.com*
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

Kenneth L. Nissly (SBN 77589)
*knissly@nisslylaw.com*
LAW OFFICES OF KENNETH L. NISSLY
P.O. Box 3448
Saratoga, CA 95070-1448
Phone: (408) 398-7043

Chad S. Hummell (SBN 139005)
*chummell@sidley.com*
Theodore W. Chandler (SBN 219456)
*tchandler@sidley.com*
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Phone: (213) 896-6000
Fax: (213) 896-6600

Brian R. Nester (*pro hac vice*)
*bnester@sidley.com*
Wonjoo Suh
*wsuh@sidley.com*
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Phone: (202) 736-8000
Fax: (202) 736-8711

Attorneys for
SK hynix Inc., SK hynix America Inc., and SK hynix memory solutions Inc.