SEAN C. CUNNINGHAM, Bar No. 174931
sean.cunningham@dlapiper.com
ERIN P. GIBSON, Bar No. 229305
erin.gibson@dlapiper.com
TIFFANY C. MILLER, Bar No. 246987
tiffany.miller.dlapiper.com
JACOB D. ANDERSON, Bar No. 265768
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

MARK D. FOWLER, Bar No. 124235
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.1559
Fax: 650.833.2001

JAMES HEINTZ, admitted *pro hac vice*
DLA Piper LLP (US)
11911 Freedom Drive, #300
Reston, VA 20190
Tel: 703.773.4000
Fax: 703.773.5000

Attorneys for Plaintiff
NETLIST, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SK HYNIX INC., SK HYNIX AMERICA INC., and SK HYNIX MEMORY SOLUTIONS INC.,<br><br>Defendants. | CASE NO. 8:16-cv-01605<br><br>**PLAINTIFF NETLIST, INC.'S ANSWER TO DEFENDANT SK HYNIX INC.'S COUNTERCLAIMS**<br><br>Judge: Hon. Josephine L. Staton |

Plaintiff Netlist, Inc. ("Netlist") hereby submits its Answer and Affirmative Defenses in response to Defendant SK hynix, Inc.'s ("SK hynix") Counterclaims. Each paragraph below corresponds to the same-numbered paragraph in the Counterclaims. Netlist denies all allegations in the Counterclaims, whether express or implied, that are not specifically admitted below. Netlist responds as follows:

## NATURE OF ACTION

1. To the extent an answer is called for, Netlist denies SK hynix's characterization of the nature of the action and denies the allegations of paragraph 1.

2. To the extent an answer is called for, Netlist denies that SK hynix is entitled to any of the relief it seeks in paragraph 2 and denies all of the allegations of paragraph 2.

## THE COUNTERCLAIM PARTIES

3. On information and belief, Netlist admits the allegations of paragraph 3.

4. Netlist admits that it is a Delaware corporation with its principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618. Netlist admits that it holds patents that are relevant to memory products. Netlist denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Netlist admits that SK hynix purports to plead claims arising out of an alleged breach of contract and the Declaratory Judgment Act, 28 U.S.C. §§2201-02, but Netlist denies any liability thereunder.

6. Netlist admits this Court has subject matter jurisdiction over the breach of contract claim pursuant to 28 U.S.C. §1332 and that the matter is between a citizen or subject of a foreign state and citizen of Delaware. Netlist denies the remaining allegations of paragraph 6.

/////

7. Netlist admits this Court has subject matter jurisdiction based on 28 U.S.C. §1332. Netlist denies the remaining allegations of paragraph 7.

8. For the purposes of this action, Netlist admits the allegations of paragraph 8.

9. Netlist does not challenge venue on these Counterclaims.

## FACTUAL BACKGROUND

### A. SK Hynix

10. Netlist is without information to admit or deny the allegations of paragraph 10 and on that basis denies them.

11. Netlist is without information to admit or deny the allegations of paragraph 11 and on that basis denies them.

### B. Netlist

12. Netlist admits it was founded in 2000 and became a publicly traded company in 2006. Netlist admits it is headquartered in California, offers various computer memory products, and had net product sales of approximately $6.9 million for the fiscal year ending January 2, 2016. Netlist denies the remaining allegations of paragraph 12.

13. Netlist admits that it currently holds 65 U.S. and foreign patents issued and over 41 pending applications worldwide. Netlist denies the remaining allegations of paragraph 13.

### C. JEDEC and Semiconductor Memory Standards

14. Netlist admits that it is a member of JEDEC. Netlist is informed and believes that SK hynix is a member of JEDEC. Netlist denies the remaining allegations of paragraph 14.

15. Netlist admits that JEDEC purports to be a global leader for the microelectronics industry, with more than 3,000 volunteers representing nearly 300 member companies. Netlist is unable to admit or deny the remaining allegations of paragraph 15 and on that basis denies them.

16. Netlist admits that JEDEC's collaborative efforts purport to "ensure product interoperability, benefitting the industry and ultimately consumers by increasing time-to-market and reducing product development costs." Netlist is unable to admit or deny the remaining allegations of paragraph 16 and on that basis denies them.

17. Netlist admits that JEDEC purports to have "over 50 committees and subcommittees" in which its members participate. Netlist is unable to admit or deny the remaining allegations of paragraph 17 and on that basis denies them.

18. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of the JEDEC Manual of Organization and Procedure JM21R dated July 2015. Netlist denies the remaining allegations of paragraph 18.

19. Netlist is unable to admit or deny the allegations of paragraph 19 and on that basis denies them.

20. Netlist is unable to admit or deny the allegations of paragraph 20 and on that basis denies them.

21. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that the quotation attributed to section 8.2.2.1 is correctly quoted. Netlist is unable to admit or deny the remaining allegations of paragraph 21 and on that basis denies them.

22. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that the quotation attributed to section 8.2.2.1 is correctly quoted. Netlist is unable to admit or deny the remaining allegations of paragraph 22 and on that basis denies them.

23. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that "Potentially Essential Patent" is defined in Section 8.2.1 as: "*A patent that is reasonably believed by a subject person to contain one or more Essential Patent Claims*." Netlist admits that "Essential Patent Claims" is defined in Section 8.2.1 as: "*Those Patent claims the use of which*

*would necessarily be infringed by the use, sale, offer for sale or other disposition of a portion of a product in order to be compliant with the required portions of a final approved JEDEC Standard*." Netlist is unable to admit or deny the remaining allegations of paragraph 23 and on that basis denies them.

24. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that the quotation attributed to Section A.3, Part 4 is correctly quoted. Netlist is unable to admit or deny the remaining allegations of paragraph 24 and on that basis denies them.

25. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that Section 8.2.1 states "*Disclosure of a patent is deemed to include all patents claiming priority of a single filing. The listing of foreign equivalents is optional and at the discretion of the patent holder*." Netlist is unable to admit or deny the remaining allegations of paragraph 25 and on that basis denies them.

26. Netlist admits that JEDEC has promulgated a Patent Policy reflected in Section 8.2 of JM21R. Netlist admits that the quotation attributed to Section 8.2.5 is correctly quoted. Netlist is unable to admit or deny the remaining allegations of paragraph 26 and on that basis denies them.

27. Netlist is unable to admit or deny the allegations of paragraph 27 and on that basis denies them.

28. Netlist admits that Section 8.2.10 of the JEDEC Patent Policy states: "The Patent Policy will be interpreted and governed under the laws of the State of New York." Netlist denies the remaining allegations of paragraph 28.

**D. Netlist's RAND Commitments**

29. Netlist admits that it currently holds 65 U.S. and foreign patents issued and over 41 pending applications worldwide. Netlist denies the remaining allegations of paragraph 29.

/////

30. Netlist admits that is currently a member of JC-11, JC-16, JC-63 and JC-64. Netlist denies the remaining allegations of paragraph 30.

31. Netlist admits that it has submitted License Assurance/Disclosure Forms, which state: "A license will be offered to applicants desiring to utilize the license for the purpose of implementing the JEDEC Standard under reasonable terms and conditions that are demonstrably free of any unfair discrimination." Netlist denies the remaining allegations of paragraph 31.

32. Netlist admits that it has submitted Notice of Refusal to Offer Licenses on RAND Terms forms. Netlist denies the remaining allegations of paragraph 32.

33. Netlist admits that it has submitted License Assurance/Disclosure Forms, which state: "A license will be offered to applicants desiring to utilize the license for the purpose of implementing the JEDEC Standard under reasonable terms and conditions that are demonstrably free of any unfair discrimination." Netlist denies the remaining allegations of paragraph 33.

34. Netlist is unable to admit or deny the allegations of paragraph 34 because they call for a legal conclusion.

**E. Netlist's Failure to Comply with its RAND Obligations**

35. Netlist denies the allegations of paragraph 35.

36. Netlist denies the allegations of paragraph 36.

37. Netlist denies the allegations of paragraph 37.

38. Netlist admits that it engaged in negotiations with SK hynix between October 2014 and April 2015. Netlist denies the remaining allegations of paragraph 38.

39. Netlist admits it entered into a Joint Development & License Agreement with Samsung Electronics Co., Ltd. Netlist denies the remaining allegations of paragraph 39.

40. Netlist admits it wrote SK hynix a letter dated December 4, 2015. Netlist denies the remaining allegations of paragraph 40.

41. Netlist denies the allegations of paragraph 41.

42. Netlist denies the allegations of paragraph 42.

43. Netlist denies the allegations of paragraph 43.

44. Netlist denies the allegations of paragraph 44.

45. Netlist admits it wrote SK hynix a letter dated June 16, 2016. Netlist denies the remaining allegations of paragraph 45.

46. Netlist denies the allegations of paragraph 46.

**F. Netlist's Litigation Against SK Hynix**

47. Netlist admits it filed a complaint on August 31, 2016. The complaint speaks for itself. Netlist denies the remaining allegations of paragraph 47.

48. Netlist admits it filed a complaint at the U.S. International Trade Commission. The complaint speaks for itself. Netlist denies the remaining allegations of paragraph 48.

49. Netlist admits the patents asserted in the California and ITC actions are U.S. Patent Nos. 8,756,364; 8,516,185; 8,001,434; 8,359,501; 8,689,064; and 8,489,837. The pleadings speak for themselves. Netlist denies the remaining allegations of paragraph 49.

50. Netlist denies the allegations of paragraph 50.

**<u>FIRST CAUSE OF ACTION</u>**

**Breach of Contract**

51. Netlist incorporates its answers to paragraphs 1-50 as though fully set forth herein.

52. Netlist denies the allegations of paragraph 52.

53. Netlist denies the allegations of paragraph 53.

54. Netlist denies the allegations of paragraph 54.

55. Netlist denies the allegations of paragraph 55.

56. Netlist denies the allegations of paragraph 56.

57. Netlist denies the allegations of paragraph 57.

58. Netlist denies the allegations of paragraph 58.

59. Netlist denies the allegations of paragraph 59.

60. Netlist denies the allegations of paragraph 60.

## SECOND CAUSE OF ACTION

**Declaratory Judgment of RAND Terms for a License to Netlist's Patents Essential to JEDEC Standards**

61. Netlist incorporates its answers to paragraphs 1-60 as though fully set forth herein.

62. Netlist denies the allegations of paragraph 62.

63. Netlist denies the allegations of paragraph 63.

64. Netlist denies the allegations of paragraph 64.

65. Netlist denies the allegations of paragraph 65.

66. Netlist denies the allegations of paragraph 66.

67. Netlist denies the allegations of paragraph 67.

## THIRD CAUSE OF ACTION

**Declaratory Judgment that Netlist is Barred from Seeking and/or Enforcing Injunctive Relief Against SK Hynix Based on Patents Essential to JEDEC Standards**

68. Netlist incorporates its answers to paragraphs 1-67 as though fully set forth herein.

69. Netlist denies the allegations of paragraph 69.

70. Netlist denies the allegations of paragraph 70.

71. Netlist denies the allegations of paragraph 71.

72. Netlist denies the allegations of paragraph 72.

73. Netlist denies the allegations of paragraph 73.

74. Netlist denies the allegations of paragraph 74.

75. Netlist denies the allegations of paragraph 75.

76. Netlist denies the allegations of paragraph 76.

## PRAYER FOR RELIEF

Netlist denies that SK hynix is entitled to any of the relief it seeks.

Dated: December 1, 2016

DLA PIPER LLP (US)

By: */s/ Sean C. Cunningham*

SEAN C. CUNNINGHAM
ERIN P. GIBSON
TIFFANY C. MILLER
JACOB D. ANDERSON
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.2700
Fax: 619.699.2701

MARK D. FOWLER
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

JAMES HEINTZ
DLA PIPER LLP (US)
11911 Freedom Drive, #300
Reston, VA 20190
Tel: 703.773.4000
Fax: 703.773.5000

Attorneys for Plaintiff
NETLIST, INC.