UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Netlist, Inc., <br>     *Plaintiff and Counterclaim-Defendant*, <br>   vs. <br> SK hynix Inc., <br>     *Defendant and Counterclaim-Plaintiff*, <br>   and <br> SK hynix America Inc. and SK hynix memory solutions Inc., <br>     *Defendants.* | No. 8:16-cv-01605-JLS-JCG <br><br> **PROTECTIVE ORDER** |

## **PROTECTIVE ORDER**

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G);

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Court's ability to obtain such information as is necessary to adjudicate the claims and defenses in this action; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Court is required by law to disclose such information.

2(a). Any information submitted in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).	The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.	In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:  (i) outside counsel for parties to this case, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this case); (iv) the Court and the Court's staff; (v) employees and contract personnel of the U.S. District Court for the Central District of California (a) for developing or maintaining the records of this case or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Court; and (vi) U.S. government employees and contract personnel, solely for cybersecurity purposes.

4.	Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[1] and (iii) unless he or she shall have first read this order and shall have agreed, by letter served on the supplier:  (i) to be bound by the terms thereof; (ii)

---

[1] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this case. The letter shall also include the following acknowledgement:

> I, the undersigned, on behalf of _____, acknowledge that information submitted for purposes of this case may be disclosed to and used:
>
> (i) by the Court, its employees, and contract personnel (a) for developing or maintaining the records of this or a related proceeding, or (b) in internal investigations, audits, reviews, and evaluations relating to the programs, personnel, and operations of the Court; or
>
> (ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5. If the Court orders, or if the supplier and all parties to the case agree, that access to, or dissemination of information submitted as, confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1 thereof.

6(a). Any confidential business information submitted to the Court in connection with a motion or other proceeding within the purview of this case shall be submitted under seal pursuant to paragraph 2 above and C.D. Cal. Civil L.R. 79-5. Any portion of a transcript in connection with this case containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such

information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto.  Copies of each such signed agreement shall be provided to the supplier of such confidential business information.

(b).    Submitters[2] are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Court to protect sensitive information from unauthorized disclosure.

7.    The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.    The Court acknowledges that any document or information submitted as confidential business information pursuant to paragraph 2 above and C.D. Cal. Civil L.R. 79-5 is to be treated as such, subject to a contrary ruling, after hearing, by the Court.  The party offering the confidential business information must, upon request or as required by C.D. Cal. Civil L.R. 79-5, provide a statement as to the claimed basis for its confidentiality.

9.    Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Court that information designated as confidential, is no longer confidential, the Court shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation:  (a) notifying the supplier promptly of any proposal to redesignate or make public any such

---

[2] "Submitters" of confidential business information are the same as "suppliers" of confidential business information as that term is used in the context of this Order.

1  confidential business information; and (b) providing the supplier at least seven days
2  after receipt of such inquiry or request within which to take action before the Court,
3  or otherwise to preserve the confidentiality of and to protect its rights in, and to, such
4  confidential business information.

5       10.  If while a case is before the Court, a party to this order who is to be a
6  recipient of any business information designated as confidential and submitted in
7  accordance with paragraph 2 disagrees with respect to such a designation, in full or in
8  part, it shall notify the supplier in writing, and they will thereupon confer as to the
9  status of the subject information proffered within the context of this order.  If prior to,
10 or at the time of such a conference, the supplier withdraws its designation of such
11 information as being subject to this order, but nonetheless submits such information
12 for purposes of the case; such supplier shall express the withdrawal, in writing, and
13 serve such withdrawal upon all parties and the Court.  If the recipient and supplier are
14 unable to concur upon the status of the subject information submitted as confidential
15 business information within ten days from the date of notification of such
16 disagreement, any party to this order may raise the issue of the designation of such a
17 status to the Court which will rule upon the matter.  The Court may *sua sponte*
18 question the designation of the confidential status of any information and, after
19 opportunity for hearing, may remove the confidentiality designation.

20      11.  No less than 10 days (or any other period of time designated by the
21 Court) prior to the initial disclosure to a proposed expert of any confidential
22 information submitted in accordance with paragraph 2, the party proposing to use
23 such expert shall submit in writing the name of such proposed expert and his or her
24 educational and detailed employment history to the supplier.  If the supplier objects
25 to the disclosure of such confidential business information to such proposed expert as
26 inconsistent with the language or intent of this order or on other grounds, it shall
27 notify the recipient in writing of its objection and the grounds therefore prior to the
28 initial disclosure.  If the dispute is not resolved on an informal basis within ten days

-5-
PROTECTIVE ORDER — No. 8:16-cv-01605-JLS-JCG

of receipt of such notice of objections, the supplier shall submit immediately each objection to the Court for a ruling. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Court.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. [Intentionally omitted]

14. Upon final resolution of this case, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Court to the extent it must retain such material pursuant to statutory requirements and for other recordkeeping purposes. Nothing in this paragraph shall preclude the destruction of those additional copies in the Court's possession which it regards as surplusage.

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this case, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. [Intentionally omitted]

18. **Source Code.** A supplier may designate documents, information, or things as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," which shall mean litigation material of a supplier (a supplier may be (i) a party producing its information or the information of a third-party in its possession or (ii) a third-party producing its information) that constitutes or contains non-public Source Code.

A. "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, or other electronic files used in network operations, comments for source code or network operation files, or revision histories, as well as Register Transfer Level, Hardware Description Language, VHDL, Verilog, or digital signal processor (DSP) programming files. For clarity, Source Code filenames and directory structures are not Source Code within the meaning of this definition, but shall be treated as CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER. The inclusion of protective provisions for source code does not represent a requirement that source code be produced and adds no obligation of production on the Parties or third-parties beyond that already imposed by the Federal Rules.

B. Materials designated as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following: (1) outside litigation counsel as necessarily incident to the litigation of this case; (2) staff employed by such outside litigation counsel who are necessarily incident to the litigation of this case, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; (3) outside vendors retained for the purpose of preparing graphics or presentations for use as a demonstrative in a brief or other form of submission or proceeding incident to this case; (4) personnel at interpretation/translation service

establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this case, including without limitation oral interpreters and document translators; (5) the Court, Court personnel and contract personnel who are acting in the capacity of Court employees as indicated in paragraph 3 of this Protective Order; (6) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this case; and (7) qualified consultants and/or qualified experts in this case (under paragraph 11 of the Protective Order in this case). Qualified consultants and/or qualified experts may only review CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION after being expressly identified to the supplier as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION. If the receiving party wishes an already identified qualified consultant or qualified expert to receive CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION, it must re-comply with the provisions of paragraph 11 of this Protective Order in this case, including allowing the supplier an opportunity to object to this qualified consultant or qualified expert receiving CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION, and identifying the proposed qualified consultant or qualified expert as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION.

   C. To the extent a supplier makes Source Code available for inspection, it shall be made available for inspection in electronic format in, at the supplier's sole election, the offices of its outside litigation counsel, its facilities where the Source Code is maintained or a facility in the city where either its outside litigation counsel is located or its facilities where the Source Code is maintained is located, provided that any such location is within the continental United States (hereinafter "the Designated Location").

   D. To the extent a supplier makes Source Code available for inspection, that supplier's Source Code shall be made available for inspection in electronic format,

1  following written notice from the party requesting to inspect the Source Code at least
2  eight (8) business days prior to the first inspection and two business days prior to
3  subsequent inspections, at the Designated Location, between the hours of 9 a.m. and 5
4  p.m. on business days (i.e., weekdays that are not Federal holidays). Nothing in this
5  paragraph shall preclude the supplier and the receiving party from agreeing to
6  (1) shorten the notice periods prior to subsequent inspections, and (2) extend the hours
7  of inspection on business days.
8       E.    To the extent a supplier makes Source Code that is designated
9  "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY
10 INFORMATION" available for inspection and review, said inspection and review
11 shall be subject to the following provisions, unless otherwise agreed by the supplier:
12          a.    All Source Code shall be made available by the supplier to the
13         reviewing party's outside counsel and/or experts in a secure room on a
14         standalone computer without Internet access or network access to other
15         computers, as necessary and appropriate to prevent and protect against any
16         unauthorized copying, transmission, removal or other transfer of any Source
17         Code outside or away from the computer on which the Source Code is provided
18         for inspection (the "Source Code Computer" in the "Source Code Review
19         Room"). The supplier shall install tools that are sufficient for viewing and
20         searching the code produced, on the platform produced, if such tools exist and
21         are presently used in the ordinary course of the supplier's business. The
22         receiving party's outside counsel and/or experts may request that additional
23         commercially available software tools for viewing and searching Source Code
24         be installed on the computer, provided, however, that: (a) the receiving party or
25         the supplier possesses an appropriate license to such software tools; (b) the
26         supplier approves such software tools, and the supplier's consent will not be
27         unreasonably withheld; and (c) such other software tools are reasonably
28         necessary for the receiving party to perform its review of the Source Code

consistent with all of the protections herein. The receiving party must provide the supplier with the CD or DVD containing such licensed software tool(s) or an appropriate license for downloadable tools at least seven (7) days in advance of the date upon which the receiving party wishes to conduct its first inspection of the Source Code Computer. The receiving party cannot request any additional viewing tools after its first inspection of the Source Code Computer unless such additional tools are reasonably necessary to complete the inspection of the Source Code Computer.

  b. Other than those devices provided by the protective order, no other recording devices or recordable media will be permitted inside the source code review room, including without limitation: sound recorders; computers; cellular phones; peripheral equipment; cameras; CDs; DVDs; floppy drives, zip drives, thumb drives, or external drives of any kind; USB memory sticks; portable hard drives; Ethernet or other cables that could be used to transfer data off of a Source Code Computer; Dictaphones; telephone jacks; or smartphones of any kind (including but not limited to BlackBerry, iPhone, or Android devices). Nor shall any non-electronic devices capable of similar functionality be permitted inside the Source Code Review Room.

  c. The receiving party's outside counsel and/or experts shall be entitled to take handwritten notes relating to the Source Code. The receiving party's outside counsel and/or experts may not copy portions of the Source Code (e.g., entire source code files or entire functions or methods where such functions or methods are longer than a few lines) into the notes and may not take such notes electronically on the Source Code Computer itself or on any computer that is connected to any network.

  d. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. No written or electronic record of the Source Code is permitted except

1  as otherwise provided herein. The supplier shall provide to the receiving party
2  one (1) copy on Bates-numbered paper, labeled "CONFIDENTIAL SOURCE
3  CODE-ATTORNEYS' EYES ONLY INFORMATION," within three (3) days
4  of the receiving party's designation of the portions of the Source Code to be
5  printed. The receiving party shall not designate Source Code to be printed in
6  order to review blocks of Source Code in the first instance, i.e., as an alternative
7  to reviewing that Source Code electronically on the Source Code Computer.
8  The receiving party may print only those portions of the Source Code that are
9  reasonably necessary to prepare court filings, pleadings, contentions, expert
10 reports or other papers.  The supplier may object to any request to deliver
11 copies of printed Source Code as excessive and/or not done for a permitted
12 purpose. If such objection cannot be resolved by mutual agreement within five
13 (5) business days it shall be submitted to the Court for resolution. The burden
14 shall be on the receiving party to demonstrate that such printed portion of the
15 Source Code was no more than is reasonably necessary for a permitted purpose
16 and not merely printed for the purpose of review and analysis elsewhere. In the
17 event the request is more than 20 continuous pages, and the parties are unable to
18 resolve the supplier's objection via meeting and conferring, then at the
19 supplier's discretion, no portion of the printed Source Code in question need be
20 delivered to counsel for the receiving party until the issue is resolved by the
21 Court.  In the event the objection to print 20 continuous pages or less is
22 sustained by the Court, the pages that were subject to the objections shall be
23 returned to the supplier within two (2) business days.
24         e.     The receiving party agrees to avoid including copies or portions of
25 the supplier's Source Code in any Court filing, pleading, or other paper, except
26 as otherwise provided in this Protective Order.
27         f.     The receiving party will not copy, remove, or otherwise transfer
28 any Source Code from the Source Code Computer including, without limitation,

copying, photographing, removing, or transferring the Source Code onto any recordable media or recordable device.

    g.    All persons viewing Source Code shall sign a log on each day they view Source Code that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The log shall remain at the Source Code review location.

    h.    The receiving party's outside counsel of record may make no more than five (5) paper copies of any printed portions of the Source Code from a supplier, not including copies attached to court filings, expert reports, infringement contentions, or exhibits used at depositions or at trial, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The supplier shall be entitled to review the log after the case has ended or by Court order upon a showing of good cause.

    i.    The receiving party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that reasonably prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. Any paper copies of such Source Code shall be designated "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION."

    j.    Copies of Source Code that are marked as deposition exhibits may be provided to the court reporter or attached to deposition transcripts, subject to the Protective Order. All paper copies of Source Code brought to a deposition but not marked as a deposition exhibit shall be securely destroyed in a timely manner following the deposition.

k. Except as provided in this Order, absent express written permission from the supplier, the receiving party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the receiving party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

l. A party may make electronic copies of and include portions of Source Code in filings with the Court, in presentations at any hearing or trial, and in its experts' reports, provided that all filings containing Source Code must be filed under Seal, and all such electronic copies must be labeled "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" as provided for in this Order. In addition, before displaying Source Code in open court at any hearing or trial, the receiving party will provide notice to the supplier to give the supplier an opportunity to seek appropriate measures from the Court to protect the confidentiality of the Source Code.

IT IS SO ORDERED.

Dated: ___January 12___, 2017

JAY C. GANDHI
United States Magistrate Judge

# Attachment A

# NONDISCLOSURE AGREEMENT FOR

# REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the case *Netlist, Inc. v. SK hynix Inc. et al.*, No. 8:16-cv-01605-JLS-JCG (C.D. Cal. filed Aug. 31, 2016), except as permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the case or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said case.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____