[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Netlist, Inc.,<br><br>    *Plaintiff and Counterclaim-Defendant*,<br><br>    vs.<br><br>SK hynix Inc.,<br><br>    *Defendant and Counterclaim-Plaintiff*,<br><br>    and<br><br>SK hynix America Inc. and SK hynix memory solutions Inc.,<br><br>    *Defendants*. | No. 8:16-cv-01605-JLS-JCG<br><br>**SECOND JOINT REPORT PER FEB. 2, 2018 ORDER [ECF NO. 172] REGARDING STATUS OF ALL LITIGATION AND REQUEST TO CONTINUE STAY OF SK HYNIX'S RAND COUNTERCLAIMS**<br><br>Judge:    Hon. Josephine L. Staton |

Pursuant to the Court's February 2, 2018 Order [ECF No. 172], the parties submit the following second joint status report. That Order stayed SK hynix's RAND counterclaims, the only then active portion of the case, at the joint request of the parties, and further ordered:

> Every three months, starting on May 1, 2018, the parties shall file a joint report on the status of all related litigation between the parties, including in the ITC, the Patent Office, any appeals to the Federal Circuit, and in foreign countries, and in that report the parties shall present their view(s) on whether the stay of SK hynix Inc.'s RAND counterclaims should be continued, lifted, or modified.

ECF No. 172 at 2.

The parties' first joint status report submitted May 1, 2018 [ECF No. 174] jointly requested that the Court continue the stay of SK hynix's RAND counterclaims that was entered by the Court on February 2, 2018. In light of the current status of the parties' litigations throughout the world (set forth below), the parties continue to jointly request that the Court continue the stay of SK hynix's RAND counterclaims. There are no proceedings in which the potential issuance of an injunction may occur in the near future.

I.  **STATUS OF U.S. ITC AND DISTRICT COURT LITIGATION**

   A.  **The First ITC and District Court Actions**

On August 31, 2016, Netlist filed this case (No. 8:16-cv-01605-JLS-JCG ("the '1605 case")) alleging that SK hynix's DDR4 LRDIMM and RDIMM memory modules infringed six Netlist patents that Netlist has declared as essential to JEDEC standards for memory modules: U.S. Patent No. 8,756,364, U.S. Patent No. 8,516,185, U.S. Patent No. 8,001,434, U.S. Patent No. 8,359,501, U.S. Patent No. 8,689,064, and U.S. Patent No. 8,489,837 (collectively, the "asserted patents"). ECF No. 1, ¶¶ 16-69.

The following day, Netlist filed a parallel Complaint (Inv. No. 337-TA-1023 ("the 1023 investigation")) alleging infringement of the same six patents in the U.S. International Trade Commission ("ITC"). In the ITC, Netlist sought an exclusion

order prohibiting importation of SK hynix DDR4 LRDIMM and RDIMM products; monetary remedies are not available in the ITC.

On November 7, 2016, SK hynix filed counterclaims relating to Netlist's obligations to offer to license the asserted patents on reasonable and non-discriminatory ("RAND") terms in the ITC which, by law, were removed to this Court for resolution and consolidated into this case. *See* 19 C.F.R. § 210.14(e). Netlist declared the asserted patents to be potentially standard essential patents ("SEPs"), committing to offer to license them on RAND terms. Among other things, the RAND counterclaims ask the Court to set the RAND royalty rate for Netlist's essential patents.

As described in more detail below, SK hynix thereafter filed petitions in the U.S. Patent Office for *Inter Partes* Review ("IPR") of all asserted claims of all six patents asserted in this case. On July 7, 2017, the Patent Office instituted IPRs on all asserted claims of all six asserted patents. *See* 35 U.S.C. § 314(a); 37 C.F.R. § 42.108. SK hynix promptly filed an *Ex Parte* Application to Stay Netlist's Infringement Claims in light of the instituted IPRs, while allowing SK hynix's RAND counterclaims to continue progressing towards trial, then scheduled to start July 10, 2018.

By Order dated July 17, 2017, the Court granted in part that application, holding that "Netlist's infringement claims are STAYED pending further order of the Court," and that SK hynix's RAND counterclaims were not stayed. ECF No. 154 at 8.

The ALJ assigned to the 1023 investigation thereafter issued his "Final Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bonding" (hereinafter "1023 ID") on November 14, 2017, finding (1) no infringement of any asserted patent, (2) no showing by SK hynix that any of the asserted patents are invalid, and (3) were the Commission to find a violation of Section 337, an exclusion order should issue against the accused products, and that RAND considerations did not override the public interest in exclusion. On January

16, 2018, the ITC Commissioners issued the ITC's final determination in the 1023 investigation that SK hynix does not infringe any of Netlist's asserted patents, the same patents Netlist asserts in the '1605 case. The 1023 investigation is thus terminated.

On February 2, 2018, at the parties' joint request, this Court stayed SK hynix's RAND counterclaims, the only then still active portion of this case, in view of the 1023 investigation being terminated in SK hynix's favor.

On March 12, 2018, Netlist filed a notice of appeal, appealing the final determination in the 1023 investigation to the Court of Appeals for the Federal Circuit (Case No. 18-1676). SK hynix has intervened in that appeal and intends to participate and defend the final determination. Netlist's opening brief was filed July 25, 2018. The parties anticipate that a decision is approximately thirteen (13) to fifteen (15) months away.

### B. The Second ITC and District Court Actions

After the parties' hearing in the 1023 investigation, Netlist filed, on June 14, 2017, a second complaint in this Court against SK hynix resulting in Case No. 8:17-cv-01030-JLS-JCG ("the '1030 case"), alleging infringement of two additional Netlist patents (U.S. Patent No. 9,606,907, and U.S. Patent No. 9,535,623) by SK hynix's DDR4 LRDIMM and RDIMM products. The '1030 asserted patents are from the same families as the six asserted patents in the first '1605 case. On October 9, 2017, SK hynix filed RAND counterclaims against Netlist in that case. The counterclaims are essentially identical to the RAND counterclaims that SK hynix filed against Netlist in this '1605 case.

On October 31, 2017, Netlist filed a second ITC complaint against SK hynix alleging infringement of the same two patents asserted in the '1030 case against SK hynix, which was instituted as the 1089 investigation. In the ITC, Netlist again seeks an exclusion order prohibiting importation of SK hynix DDR4 LRDIMM and

RDIMM products (the same products at issue in the 1023 investigation and both the '1605 and '1030 cases). The 1089 investigation was initially scheduled to conclude by a "target date" of July 3, 2019. The target date is the earliest possible date that an exclusion order resulting from that investigation could go into effect.

The parties jointly stipulated to stay of the '1030 case based on SK hynix's automatic right to stay in light of the parallel 1089 investigation; the parties also agreed to consolidate the RAND counterclaims in the '1030 case into this '1605 case. '1030 ECF No. 37; '1030 ECF No. 38; ECF No. 160. The RAND counterclaims corresponding to both the 1023 Investigation and the 1089 Investigation are thus all in this '1605 case. *See* ECF Nos. 161–62.

On February 20, 2018, SK hynix filed a motion for summary determination of non-infringement in the 1089 investigation. SK hynix argued that Netlist's assertion of the parent patents to the '907 and '623 patents in the 1023 investigation, and the final determination of non-infringement of those parent patents, precluded Netlist's '907 and '623 patent infringement claims under both claim preclusion and issue preclusion doctrines.

The ALJ assigned to the 1089 investigation issued his "Initial Determination Granting Respondents' Motion for Summary Determination of Non-Infringement" (hereinafter "1089 ID") on April 12, 2018, finding that the doctrine of issue preclusion (but not claim preclusion) bars Netlist's assertion of the '907 and '623 patents against SK hynix. The 1089 ID thus terminated the investigation.

On April 23, 2018, Netlist filed a petition for review with the ITC Commissioners seeking review of the 1089 ID's issue preclusion holding, and SK hynix filed a contingent petition for review seeking review of the 1089 ID's claim preclusion holding if the Commission reviewed the issue preclusion holding.

On May 29, 2018, the Commission issued its decision on the 1089 ID, vacating the ID and remanding for "the ALJ to (1) consider the parties' claim construction arguments and make appropriate findings resolving their claim construction disputes,

and (2) continue the investigation." The ALJ thereafter extended the "target date" for the investigation to August 5, 2019 and set a new procedural schedule for the investigation. The parties are currently conducting fact discovery, with fact discovery set to close August 24, 2018. The ALJ also set August 24, 2018 as the tentative date for issuance of a claim construction order.

As described in more detail below, SK hynix has also filed IPR petitions in the U.S. Patent Office seeking review of all claims of both the '907 and '623 patents, and the Patent Office has instituted IPRs on all claims of both patents.

## II.   STATUS OF FOREIGN LITIGATION

In addition to the U.S. actions, Netlist has filed three actions in China and Germany against SK hynix and its customers. Those suits too were filed after the ITC hearing in the 1023 Investigation, and the asserted patents all relate to the patents asserted in this case:

> On July 11, 2017, Netlist filed a patent infringement suit in the Beijing Intellectual Property Court. In that suit, Netlist again seeks an injunction against SK hynix to enjoin sales of SK hynix DDR4 LRDIMMs. Netlist also seeks to enjoin SK hynix customers that purchase DDR4 LRDIMMs designed by SK hynix Inc. The Beijing Intellectual Property Court dismissed Netlist's case because, as described more fully below, the Chinese Patent Reexamination Board found the asserted patent invalid.

> Also on July 11, 2017, Netlist filed a patent infringement action in the District Court of Munich. In Germany, Netlist Luxembourg S.à r.l accuses SK hynix Inc. and Hewlett-Packard GmbH, who allegedly purchases DDR4 LRDIMMs designed by SK hynix Inc., of patent infringement. Between April 25, 2018 and November 8, 2018, the parties are exchanging initial and second briefs prior to a hearing scheduled for December 6, 2018.

> On August 11, 2017, Netlist filed another Chinese patent infringement action in the Beijing Intellectual Property Court, this time against SK hynix's

alleged customers. In this suit, Netlist also seeks an injunction. Netlist seeks to enjoin alleged customers that purchase DDR4 LRDIMMs designed by SK hynix Inc. The Beijing Intellectual Property Court dismissed Netlist's case because, as described more fully below, the Chinese Patent Reexamination Board found the asserted patent invalid.

On November 10, 2017, SK hynix filed a cancelation request with the Chinese Patent Reexamination Board ("PRB") seeking to invalidate the patent Netlist asserted in Beijing Intellectual Property Court against SK hynix and its customers. The PRB held a hearing in March 2018 and issued its ruling on May 30, 2018 declaring the patent invalid in its entirety. Netlist has three months from the date of the service of the decision to file an action challenging the decision in the Beijing Intellectual Property Court.

On December 5, 2017, SK hynix filed a cancellation request, requesting that the patent Netlist asserted in the District Court of Munich be invalidated. Netlist has filed its grounds for opposition, and the parties are scheduled to exchange responsive briefing in October 2018 and March 2019.

The parties do not anticipate any injunctive relief being issued in the next three months.

### III. STATUS OF PTAB PROCEEDINGS

SK hynix has filed a total of seventeen (17) IPR petitions against thirteen (13) Netlist patents, including all of the patents asserted against SK hynix in this case, the '1030 case and the 1023 and 1089 investigations. The table below summaries their filing dates, the patents-at-issue and their current status:

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| IPR2017-00548 | 8,489,837 | 12/30/2016 | 5/15/2017 | FWD issued 5/3/2018 | Time to appeal has |

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| | | | | invalidating all asserted claims | expired. |
| IPR2017-00549 | 8,756,364 | 12/30/2016 | 5/15/2017 | FWD issued 5/3/2018 invalidating all asserted claims | Time to appeal has expired. |
| IPR2017-00560 | 8,689,064 | 1/3/2017 | 5/15/2017 | FWD issued 5/3/2018 invalidating all asserted claims | Notice of appeal filed 6/29/18[1] |
| IPR2017-00562 | 8,359,501 | 1/3/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | Time to appeal is running |
| IPR2017-00561 | 8,001,434 | 1/5/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | Time to appeal is running |
| IPR2017-00577 | 8,516,185 | 1/5/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | Time to appeal is running |
| IPR2017-00587 | 8,671,243 | 1/6/2017 | 6/22/2017 | FWD issued 6/20/2018 invalidating all claims | Time to appeal is running |

---

[1] This IPR appeal has been assigned to the same panel of Federal Circuit judges handling the appeal of the 1023 Investigation.

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| IPR2017-00649 | 8,301,833 | 1/13/2017 | Denied | n/a | n/a |
| IPR2017-00667 | 7,532,537 | 1/13/2017 | 7/21/2017 | FWD issued 7/18/2018 invalidating all claims | Time to appeal is running |
| IPR2017-00668 | 7,532,537 | 1/13/2017 | 7/21/2017 | FWD issued 7/18/2018 invalidating all claims | Time to appeal is running |
| IPR2017-00692 | 8,874,831 | 1/17/2017 | 7/21/2017 | FWD issued 7/5/2018 invalidating all claims | Time to appeal is running |
| IPR2017-00730 | 9,128,632 | 1/20/2017 | Denied | n/a | n/a |
| IPR2018-00303 | 9,535,623 | 12/14/2017 | 5/24/18 | FWD due 5/24/19 | n/a |
| IPR2018-00362 | 9,606,907 | 12/22/2017 | 6/29/18 | FWD due 7/1/19 | n/a |
| IPR2018-00363 | 9,606,907 | 12/22/2017 | 6/29/18 | FWD due 7/1/19 | n/a |
| IPR2018-00364 | 9,606,907 | 12/27/2017 | Institution decision due 8/7/18 | n/a | n/a |
| IPR2018-00365 | 9,606,907 | 12/27/2017 | Institution decision due 8/7/18 | n/a | n/a |

DATED: August 1, 2018

By: /s/ Andrew H. DeVoogd

    Nada I. Shamonki (Bar No. 205359)
        <nshamonki@mintz.com>
    MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
    2029 Century Park East, Suite 1370
    Los Angeles, California  90067
    Telephone: (310) 586-3200
    Facsimile:  (310) 586-3202

    James M. Wodarski (*pro hac vice*)
        <jwodarski@mintz.com>
    Andrew H. DeVoogd (*pro hac vice*)
        <dhdevoogd@mintz.com>
    Kristina R. Cary (*pro hac vice*)
        <krcary@mintz.com>
    Matthew S. Galica (*pro hac vice*)
        <msgalica@mintz.com>
    MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
    One Financial Center
    Boston, Massachusetts  02111
    Telephone: (617) 542-6000
    Facsimile:  (617) 542-2241

*Attorneys for Plaintiff and Counterclaim-Defendant Netlist, Inc.*

By: /s/ Brian R. Nester

    Chad S. Hummel (Bar No. 139055)
        <chummel@sidley.com>
    Theodore W. Chandler (Bar No. 219456)
        <tchandler@sidley.com>
    SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, California  90013
    Telephone: (213) 896-6000
    Facsimile:  (213) 896-6600

    David T. Pritikin
        <dpritikin@sidley.com>
    Richard A. Cederoth
        <rcederoth@sidley.com>
    David Giardina
        <dgiardina@sidley.com>
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois  60603
    Telephone: (312) 853-7000
    Facsimile:  (312) 853-7036

    Brian R. Nester
        <bnester@sidley.com>
    Wonjoo Suh (Cal. Bar No. 269500)
        <wsuh@sidley.com>
    SIDLEY AUSTIN LLP
    1501 K Street, NW
    Washington, DC  20005
    Telephone: (202) 736-8000
    Facsimile:  (202) 736-8711

    Michael D. Hatcher
        <mhatcher@sidley.com>
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas  75201
    Telephone: (214) 981-3300
    Facsimile:  (214) 981-3400

    Kenneth L. Nissly (Bar No. 77589)
        <knissly@nisslylaw.com>
    LAW OFFICES OF KENNETH L. NISSLY
    P.O. Box 3448
    Saratoga, California  95070
    Telephone: (408) 398-7043

*Attorneys for Defendant and Counterclaim-Plaintiff SK hynix Inc. and Defendants SK hynix America Inc. and SK hynix memory solutions Inc.*

1  Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all
2  signatories listed concur in this filing's content and have authorized this filing.