1  [COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Netlist, Inc., <br><br>    *Plaintiff and Counterclaim-Defendant*, <br><br>    vs. <br><br> SK hynix Inc., <br><br>    *Defendant and Counterclaim-Plaintiff*, <br><br>    and <br><br> SK hynix America Inc. and SK hynix memory solutions Inc., <br><br>    *Defendants*. | No. 8:16-cv-01605-JLS-JCG <br><br> **NINTH JOINT REPORT PER FEB. 2, 2018 ORDER [ECF NO. 172] REGARDING STATUS OF ALL LITIGATION AND REQUEST TO CONTINUE STAY OF SK HYNIX'S RAND COUNTERCLAIMS** <br><br> Judge:   Hon. Josephine L. Staton |

Pursuant to the Court's February 2, 2018 Order [ECF No. 172], the parties submit the following ninth joint status report. That Order stayed SK hynix's RAND counterclaims, the only then active portion of the case, at the joint request of the parties, and further ordered:

> Every three months, starting on May 1, 2018, the parties shall file a joint report on the status of all related litigation between the parties, including in the ITC, the Patent Office, any appeals to the Federal Circuit, and in foreign countries, and in that report the parties shall present their view(s) on whether the stay of SK hynix Inc.'s RAND counterclaims should be continued, lifted, or modified.

ECF No. 172 at 2. Subsequently, the Court modified its order, requiring joint status reports in six month intervals, beginning May 8, 2020. ECF No. 182 at 1. As with the parties' first eight reports,[1] the parties again jointly request that the Court continue the stay of SK hynix's RAND counterclaims at this time, but the parties intend to submit an interim status report addressing the status of this litigation and the stay after the U.S. District Court for the Western District of Texas rules on SK hynix's pending motion to transfer to this Court two now-consolidated cases filed by Netlist on related patents, as described below. There are no proceedings in which the potential issuance of an injunction may occur before the deadline to file the next regularly scheduled joint status report.

As explained in more detail below, since the parties' last status report, there have been two primary developments. First, Netlist filed a second, new patent infringement action against SK hynix in the United States District Court for the Western District of Texas. Netlist asserts one additional patent, related to patents asserted in the '1605 case in this District. Netlist alleges the newly asserted patent is essential to certain JEDEC standards, and accuses the same JEDEC standard

---

[1] The parties' first, second, third, fourth, fifth, sixth, seventh and eighth joint status reports were submitted May 1, 2018 [ECF No. 174], August 1, 2018 [ECF No. 175], November 1, 2018 [ECF No. 176], February 1, 2019 [ECF No. 177], May 1, 2019 [ECF No. 178], August 1, 2019 [ECF No. 179], November 1, 2019 [ECF No. 181], and May 8, 2020 [ECF No. 185].

compliant memory modules that are at issue in the '1605 and '1030 cases in this District. This new Western District of Texas case has been consolidated with Netlist's first Western District of Texas case, and Netlist and SK hynix have stipulated that the court's ruling on SK hynix's motion to transfer the first Western District of Texas case to this District pursuant to the "first to file" rule and/or 28 U.S.C. § 1404(a) will govern the second case as well. Netlist opposes that motion, briefing is complete, and the parties are awaiting a decision as the cases progress.

Second, SK hynix has now filed petitions in the U.S. Patent Office for *Inter Partes* Review ("IPR") of all asserted claims of all three patents now asserted in the Western District of Texas cases.

## I. STATUS OF U.S. ITC AND DISTRICT COURT LITIGATION

### A. The First ITC and District Court Actions

On August 31, 2016, Netlist filed this case (No. 8:16-cv-01605-JLS-JCG ("the '1605 case")) alleging that SK hynix's DDR4 LRDIMM and RDIMM memory modules infringed six Netlist patents that Netlist has declared as essential to JEDEC standards for memory modules: U.S. Patent No. 8,756,364, U.S. Patent No. 8,516,185, U.S. Patent No. 8,001,434, U.S. Patent No. 8,359,501, U.S. Patent No. 8,689,064, and U.S. Patent No. 8,489,837 (collectively, the "asserted patents"). ECF No. 1, ¶¶ 16-69.

The following day, Netlist filed a parallel Complaint (Inv. No. 337-TA-1023 ("the 1023 investigation")) alleging infringement of the same six patents in the U.S. International Trade Commission ("ITC"). In the ITC, Netlist sought an exclusion order prohibiting importation of SK hynix DDR4 LRDIMM and RDIMM products; monetary remedies are not available in the ITC.

On November 7, 2016, SK hynix filed counterclaims relating to Netlist's obligations to offer to license the asserted patents on reasonable and non-discriminatory ("RAND") terms in the ITC which, by law, were removed to this Court for resolution and consolidated into this case. *See* 19 C.F.R. § 210.14(e). Netlist

declared the asserted patents to be potentially standard essential patents ("SEPs"), committing to offer to license them on RAND terms.  Among other things, the RAND counterclaims ask the Court to set the RAND royalty rate for Netlist's essential patents.

As described in more detail below, SK hynix thereafter filed petitions in the U.S. Patent Office for *Inter Partes* Review ("IPR") of all asserted claims of all six patents asserted in this case.  On July 7, 2017, the Patent Office instituted IPRs on all asserted claims of all six asserted patents.  *See* 35 U.S.C. § 314(a); 37 C.F.R. § 42.108.  SK hynix promptly filed an *Ex Parte* Application to Stay Netlist's Infringement Claims in light of the instituted IPRs, while allowing SK hynix's RAND counterclaims to continue progressing towards trial, then scheduled to start July 10, 2018.

By Order dated July 17, 2017, the Court granted in part that application, holding that "Netlist's infringement claims are STAYED pending further order of the Court," and that SK hynix's RAND counterclaims were not stayed. ECF No. 154 at 8.

The ALJ assigned to the 1023 investigation thereafter issued his "Final Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bonding" (hereinafter "1023 ID") on November 14, 2017, finding (1) no infringement of any asserted patent, (2) no showing by SK hynix that any of the asserted patents are invalid, and (3) were the Commission to find a violation of Section 337, an exclusion order should issue against the accused products, and that RAND considerations did not override the public interest in exclusion.  On January 16, 2018, the ITC Commissioners issued the ITC's final determination in the 1023 investigation that SK hynix does not infringe any of Netlist's asserted patents, the same patents Netlist asserts in the '1605 case.  The 1023 investigation is thus terminated.

On February 2, 2018, at the parties' joint request, this Court stayed SK hynix's RAND counterclaims, the only then still active portion of this case, in view of the 1023 investigation being terminated in SK hynix's favor.

On March 12, 2018, Netlist filed a notice of appeal, appealing the final determination in the 1023 investigation to the Court of Appeals for the Federal Circuit (Case No. 18-1676). SK hynix intervened in that appeal. Netlist only appealed as to U.S. Patent Nos. 8,001,434, 8,359,501, and 8,689,064 ("self-test patents"). On December 12, 2019, the Federal Circuit dismissed the appeal as moot, after affirming that same day the Patent Trial and Appeals Board's final written decisions finding all asserted claims of all three self-test patents invalid, decisions that Netlist had also appealed to the Federal Circuit. The mandate has since issued and the time for filing a petition for certiorari has passed. The 1023 investigation is thus finally concluded.

### B. The Second ITC and District Court Actions

After the parties' hearing in the 1023 investigation, Netlist filed, on June 14, 2017, a second complaint in this Court against SK hynix resulting in Case No. 8:17-cv-01030-JLS-JCG ("the '1030 case"), alleging infringement of two additional Netlist patents (U.S. Patent No. 9,606,907 ("the '907 patent"), and U.S. Patent No. 9,535,623 ("the '623 patent")) by SK hynix's DDR4 LRDIMM and RDIMM products. The patents asserted in the '1030 case are from the same families as the six asserted patents in the first '1605 case. On October 9, 2017, SK hynix filed RAND counterclaims against Netlist in that case. The counterclaims are essentially identical to the RAND counterclaims that SK hynix filed against Netlist in this '1605 case.

On October 31, 2017, Netlist filed a second ITC complaint against SK hynix alleging infringement of the same two patents asserted in the '1030 case against SK hynix, which was instituted as the 1089 investigation. In the ITC, Netlist again seeks an exclusion order prohibiting importation of SK hynix DDR4 LRDIMM and RDIMM products (the same products at issue in the 1023 investigation and both the

1  '1605 and '1030 cases).  The 1089 investigation was initially scheduled to conclude
2  by a "target date" of July 3, 2019.  The target date is the earliest possible date that an
3  exclusion order resulting from that investigation could go into effect.

4        The parties jointly stipulated to stay the '1030 case based on SK hynix's
5  automatic right to stay in light of the parallel 1089 investigation; the parties also
6  agreed to consolidate the RAND counterclaims in the '1030 case into this '1605 case.
7  '1030 ECF No. 37; '1030 ECF No. 38; ECF No. 160.  The RAND counterclaims
8  corresponding to both the 1023 Investigation and the 1089 Investigation are thus all in
9  this '1605 case.  *See* ECF Nos. 161–62.

10        On February 20, 2018, SK hynix filed a motion for summary determination of
11  non-infringement in the 1089 investigation.  SK hynix argued that Netlist's assertion
12  of the parent patents to the '907 and '623 patents in the 1023 investigation, and the
13  final determination of non-infringement of those parent patents, precluded Netlist's
14  '907 and '623 patent infringement claims under both claim preclusion and issue
15  preclusion doctrines.

16        The ALJ assigned to the 1089 investigation issued his "Initial Determination
17  Granting Respondents' Motion for Summary Determination of Non-Infringement"
18  (hereinafter "1089 Preclusion ID") on April 12, 2018, finding that the doctrine of
19  issue preclusion (but not claim preclusion) bars Netlist's assertion of the '907 and
20  '623 patents against SK hynix.  The 1089 Preclusion ID thus terminated the
21  investigation.

22        On April 23, 2018, Netlist filed a petition for review with the ITC
23  Commissioners seeking review of the 1089 Preclusion ID's issue preclusion holding,
24  and SK hynix filed a contingent petition for review seeking review of the 1089
25  Preclusion ID's claim preclusion holding if the Commission reviewed the issue
26  preclusion holding.

27        On May 29, 2018, the Commission issued its decision on the 1089 Preclusion
28  ID, vacating the ID and remanding for "the ALJ to (1) consider the parties' claim

construction arguments and make appropriate findings resolving their claim construction disputes, and (2) continue the investigation." The ALJ thereafter extended the "target date" for the investigation to August 5, 2019 and set a new procedural schedule for the investigation. On August 30, 2018, the ALJ issued his claim construction order. The investigation was later reassigned to the Chief Administrative Law Judge ("CALJ"). The hearing in the investigation was scheduled for January 15-22, 2019, but was postponed as a result of the Federal government shutdown. The hearing was thereafter rescheduled to March 11-15, 2019. The CALJ, however, had a family medical issue develop the first day of the hearing, leading to the hearing's postponement. The hearing was thus rescheduled to July 15-19, 2019, and the "target date" for the ITC's completion of the investigation has been reset to February 21, 2020.

The CALJ issued his "Final Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bonding" (hereinafter "1089 ID") on October 21, 2019, finding (1) no infringement of the 623 patent, and that SK hynix was estopped from challenging its validity, and (2) infringement of all asserted claims of the 907 patent, and that all but two of the asserted claims were invalid. The 1089 ID recommends that, in view of the violation of Section 337, the Commission should issue an exclusion order against the accused products, and also concluded that RAND considerations did not override the public interest in exclusion of the accused products.

The parties each petitioned the ITC Commissioners seeking review of the 1089 ID, and the Commission issued a notice on January 31, 2020 of its determination to review the 1089 ID. Netlist did not petition for review of the finding of no infringement of the '623 patent, so only the '907 patent and defenses thereto were at issue. On April 7, 2020, the ITC Commissioners issued the ITC's final determination in the 1089 investigation finding no violation of section 337. The Commission concluded that SK hynix does not infringe the '907 patent under its construction of

two claim terms/phrases, that all but two of the asserted claims are invalid, that neither the '907 or '623 are essential to the JEDEC standards at issue, and that the JEDEC Patent Policy is not unenforceable. The 1089 investigation is thus terminated.

On April 29, 2020, Netlist filed a notice of appeal, appealing the final determination in the 1089 investigation to the Court of Appeals for the Federal Circuit. However, Netlist has since withdrawn its appeal and the 1089 investigation is thus finally concluded.

As described in more detail below, SK hynix has also filed IPR petitions in the U.S. Patent Office seeking review of all claims of both the '907 and '623 patents, the Patent Office has instituted IPRs on all claims of both patents, and has issued final written decisions finding all asserted claims invalid.

### C. The Third and Fourth District Court Actions

On March 17, 2020, Netlist filed a complaint in the Western District of Texas, Waco Division against SK hynix resulting in Case No. 6:20-cv-00194-ADA ("the '194 W.D. Texas case"), alleging infringement of two additional Netlist patents (U.S. Patent No. 9,858,218 ("the '218 patent") and U.S. Patent No. 10,474,595 ("the '595 patent")) by SK hynix's DDR4 LRDIMM and RDIMM products. The patents asserted in the '194 W.D. Texas case are from the same family as U.S. Patent No. 8,489,837 in the '1605 case and the '623 patent in the '1030 case. On May 4, 2020, SK hynix filed a motion to transfer the '194 W.D. Texas case to this Court, pursuant to the "first-to-file" rule and/or 28 U.S.C. § 1404(a), which Netlist opposed. That motion is now fully briefed and awaiting decision. In the meantime, SK hynix filed RAND counterclaims against Netlist in the '194 W.D. Texas case, the parties have begun fact discovery, completed three rounds of claim construction briefing, and are proceeding towards a *Markman* hearing currently set for March 2021.

On June 15, 2020, Netlist filed another complaint in the Western District of Texas, Waco Division against SK hynix resulting in Case No. 6:20-cv-00525-ADA

1 ("the '525 W.D. Texas case"), alleging infringement of one additional Netlist patent
2 (U.S. Patent No. 10,217,523 ("the '523 patent")) by SK hynix's DDR4 LRDIMM
3 products. The patent asserted in the '525 W.D. Texas case is from the same family as
4 U.S. Patent Nos. 8,001,434, 8,359,501 and 8,689,064 in the '1605 case. As with the
5 '194 case, fact discovery has begun, and the parties are proceeding towards a
6 *Markman* hearing in March 2021.

7 The judge, Judge Albright, in the '194 W.D. Texas case and '525 W.D. Texas
8 has since consolidated them, and the parties have filed a stipulation that the court's
9 ruling on the motion to transfer the '194 W.D. Texas case will apply to the '525 W.D.
10 Texas case too.

11 As described in more detail below, SK hynix has also filed IPR petitions in the
12 U.S. Patent Office seeking review of all claims of the '218, '595, and '523 patents,
13 and each of those petitions is awaiting an institution decision from the Patent Office.

14 **II. STATUS OF FOREIGN LITIGATION**

15 In addition to the U.S. actions, Netlist has filed three actions in China and
16 Germany against SK hynix and its customers. Those suits too were filed after the ITC
17 hearing in the 1023 Investigation, and the asserted patents all relate to the patents
18 asserted in this case:

19 On July 11, 2017, Netlist filed a patent infringement suit in the Beijing
20 Intellectual Property Court. In that suit, Netlist again sought an injunction
21 against SK hynix to enjoin sales of SK hynix DDR4 LRDIMMs. Netlist also
22 sought to enjoin SK hynix customers that purchase DDR4 LRDIMMs designed
23 by SK hynix Inc. The Beijing Intellectual Property Court dismissed Netlist's
24 case because, as described more fully below, the Chinese Patent Reexamination
25 Board found the asserted patent invalid.

26 Also on July 11, 2017, Netlist filed a patent infringement action in the
27 District Court of Munich. In Germany, Netlist Luxembourg S.à r.l accuses SK
28 hynix Inc. and Hewlett-Packard GmbH, who allegedly purchases DDR4

LRDIMMs designed by SK hynix Inc., of patent infringement. After briefing and a hearing, the District Court of Munich issued an opinion on January 31, 2019, finding that the accused SK hynix DDR4 LRDIMMs do not infringe the asserted patent, and dismissed Netlist's case. The case is now final.

On August 11, 2017, Netlist filed another Chinese patent infringement action in the Beijing Intellectual Property Court, this time against SK hynix's alleged customers. In this suit, Netlist also sought an injunction. Netlist sought to enjoin alleged customers that purchased DDR4 LRDIMMs designed by SK hynix Inc. The Beijing Intellectual Property Court dismissed Netlist's case because, as described more fully below, the Chinese Patent Reexamination Board found the asserted patent invalid.

On November 10, 2017, SK hynix filed a cancelation request with the Chinese Patent Reexamination Board ("PRB") seeking to invalidate the patent Netlist asserted in Beijing Intellectual Property Court against SK hynix and its customers. The PRB held a hearing in March 2018 and issued its ruling on May 30, 2018 declaring the patent invalid in its entirety, which is now a final non-appealable decision.

On December 5, 2017, SK hynix filed a cancellation request with the German Patent and Trademark Office ("GPTO"), requesting that the patent Netlist asserted in the District Court of Munich be invalidated. Netlist has filed its grounds for opposition. On July 23, 2019, the GPTO issued a final opinion concluding that the asserted patent was invalid in its entirety.

The parties do not anticipate any injunctive relief being issued in any of these foreign cases as all have been finally concluded against Netlist.

### III. STATUS OF PTAB PROCEEDINGS

SK hynix has filed a total of twenty (20) IPR petitions against sixteen (16) Netlist patents, including all of the patents asserted against SK hynix in this case, the '1030 case, the 1023 and 1089 investigations, and the '194 and '525 W.D. Texas

cases. The table below summaries their filing dates, the patents-at-issue and their current status:

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| IPR2017-00548 | 8,489,837 | 12/30/2016 | 5/15/2017 | FWD issued 5/3/2018 invalidating all asserted claims | Time to appeal has expired. |
| IPR2017-00549 | 8,756,364 | 12/30/2016 | 5/15/2017 | FWD issued 5/3/2018 invalidating all asserted claims | Time to appeal has expired. |
| IPR2017-00560 | 8,689,064 | 1/3/2017 | 5/15/2017 | FWD issued 5/3/2018 invalidating all asserted claims | FWD affirmed in full 12/12/20. |
| IPR2017-00562 | 8,359,501 | 1/3/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | FWD affirmed in full 12/12/20. |
| IPR2017-00561 | 8,001,434 | 1/5/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | FWD affirmed in full 12/12/20. |
| IPR2017-00577 | 8,516,185 | 1/5/2017 | 7/7/2017 | FWD issued 7/5/2018 invalidating all asserted claims | Time to appeal has expired |
| IPR2017-00587 | 8,671,243 | 1/6/2017 | 6/22/2017 | FWD issued | Time to appeal has |

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| | | | | 6/20/2018 invalidating all claims | expired. |
| IPR2017-00649 | 8,301,833 | 1/13/2017 | Denied | n/a | n/a |
| IPR2017-00667 | 7,532,537 | 1/13/2017 | 7/21/2017 | FWD issued 7/18/2018 invalidating all claims | Time to appeal has expired. |
| IPR2017-00668 | 7,532,537 | 1/13/2017 | 7/21/2017 | FWD issued 7/18/2018 invalidating all claims | Time to appeal has expired. |
| IPR2017-00692 | 8,874,831 | 1/17/2017 | 7/21/2017 | FWD issued 7/5/2018 invalidating all claims | Time to appeal has expired. |
| IPR2017-00730 | 9,128,632 | 1/20/2017 | Denied | n/a | n/a |
| IPR2018-00303 | 9,535,623 | 12/14/2017 | 5/24/18 | FWD issued 3/21/2019 invalidating all claims | Notice of appeal filed 5/22/19, but appeal thereafter withdrawn |
| IPR2018-00362 | 9,606,907 | 12/22/2017 | 6/29/18 | FWD issued 6/27/2019 invalidating all asserted claims | Notice of appeal filed 8/27/19 |
| IPR2018-00363 | 9,606,907 | 12/22/2017 | 6/29/18 | FWD issued 6/27/2019 invalidating all asserted claims | Notice of appeal filed 8/27/19 |

| Proceeding | Patent | Filed | Institution Decision | Final Written Decision (FWD) | Appeal Status |
|---|---|---|---|---|---|
| IPR2018-00364 | 9,606,907 | 12/27/2017 | 8/6/18 | FWD issued 8/5/19 finding SK hynix estopped and terminating IPR | Notice of appeal filed 10/1/19 |
| IPR2018-00365 | 9,606,907 | 12/27/2017 | 8/6/18 | FWD issued 8/5/19 finding SK hynix estopped and terminating IPR | Notice of appeal filed 10/1/19 |
| IPR2020-01042 | 10,474,595 | 6/9/2020 | Awaiting decision | n/a | n/a |
| IPR2020-01044 | 9,858,218 | 6/9/2020 | Awaiting decision | n/a | n/a |
| IPR2020-01421 | 10,217,523 | 8/21/2020 | Awaiting decision | n/a | n/a |

DATED: November 9, 2020

By: /s/ Andrew H. DeVoogd

    Nada I. Shamonki (Bar No. 205359)
        <nshamonki@mintz.com>
    MINTZ LEVIN COHN FERRIS GLOVSKY
    & POPEO PC
    2029 Century Park East, Suite 1370
    Los Angeles, California  90067
    Telephone: (310) 586-3200
    Facsimile:  (310) 586-3202

    James M. Wodarski (*pro hac vice*)
        <jwodarski@mintz.com>
    Andrew H. DeVoogd (*pro hac vice*)
        <dhdevoogd@mintz.com>
    Matthew S. Galica (*pro hac vice*)
        <msgalica@mintz.com>
    MINTZ LEVIN COHN FERRIS GLOVSKY
    & POPEO PC
    One Financial Center
    Boston, Massachusetts  02111
    Telephone: (617) 542-6000
    Facsimile:  (617) 542-2241

*Attorneys for Plaintiff and Counterclaim-Defendant Netlist, Inc.*

By: /s/ Brian R. Nester

    Chad S. Hummel (Bar No. 139055)
        <chummel@sidley.com>
    Theodore W. Chandler (Bar No. 219456)
        <tchandler@sidley.com>
    SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, California  90013
    Telephone: (213) 896-6000
    Facsimile:  (213) 896-6600

    Richard A. Cederoth
        <rcederoth@sidley.com>
    David Giardina
        <dgiardina@sidley.com>
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois  60603
    Telephone: (312) 853-7000
    Facsimile:  (312) 853-7036

    Brian R. Nester
        <bnester@sidley.com>
    SIDLEY AUSTIN LLP
    1501 K Street, NW
    Washington, DC  20005
    Telephone: (202) 736-8000
    Facsimile:  (202) 736-8711

    Michael D. Hatcher
        <mhatcher@sidley.com>
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas  75201
    Telephone: (214) 981-3300
    Facsimile:  (214) 981-3400

    Kenneth L. Nissly (Bar No. 77589)
        <knissly@nisslylaw.com>
    LAW OFFICES OF KENNETH L. NISSLY
    P.O. Box 3448
    Saratoga, California  95070
    Telephone: (408) 398-7043

*Attorneys for Defendant and Counterclaim-Plaintiff SK hynix Inc. and Defendants SK hynix America Inc. and SK hynix memory solutions Inc.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.